*In re* MARRIAGE OF NANCY DODDS, Petitioner-Appellee, and TERRY DODDS, Respondent-Appellant.

Second District    No. 2—90—1372

Opinion filed December 4, 1991.

Daniel A. Cwynar, of Rockton, for appellant.

Norman R. Wheeler, of Vella, Sparkman & Altamore, P.C., of Rockford, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, Terry Dodds, appeals from an order of the circuit court of Winnebago County modifying a child support order. Respondent contends that the trial court erred in determining that the lump-sum settlement of respondent's worker's compensation claim, for an injury which occurred after the dissolution of marriage, was income and, thus, was available to be apportioned for child support.

Respondent and petitioner, Nancy Dodds, were married and had three children. Following a divorce, they were remarried in 1984. In April 1985, Nancy filed a petition for dissolution of the marriage, and on July 2, 1985, a judgment of dissolution was entered. As part of the judgment, Terry was ordered to pay $210 per week in child support. Terry has since remarried, and he has three stepchildren. In April 1986, the original child support order was modified, and the payments were reduced to $150 per week.

During 1987, Terry suffered a work-related back injury, and he filed a worker's compensation claim. The claim was settled in January 1989, for a lump-sum payment of $135,000. After fees and costs were deducted, Terry's net award was $108,544.18. The back injury apparently disabled Terry, and he became eligible for social security disability income. As such, he receives $900 per month; his current wife receives $100; his stepchildren receive $302; and his own children receive $248.

In March 1990, Terry filed a petition to modify child support; he asked the court to reduce his payments by the amount his children were receiving from social security. Nancy filed her own petition to

modify; she asked the court to allocate part of Terry's lump-sum worker's compensation settlement as child support.

■ In determining whether the worker's compensation settlement was income, the trial court noted that section 706.1(A)(4) of the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act) (Ill. Rev. Stat. 1989, ch. 40, par. 706.1(A)(4)) defines "income" as "any form of periodic payment to an individual, regardless of source, including, but not limited to: wages, salary, *** [and] workers' compensation." The court concluded that Terry could have taken his settlement in periodic payments but had "transformed his right to receive periodic payments into a lump sum present day cash value." The trial court ordered Terry to pay 21% of the settlement, or $23,439, to his children. Terry appeals from that part of the order.

Terry concedes that a percentage of his income must go to child support; his only argument on appeal is that his worker's compensation settlement is not "income." He argues that, if the legislature had intended that all worker's compensation payments were to fall within the definition of "income" set out in section 706.1(A)(4) of the Marriage Act, then the legislature would not have specified "periodic" payments. He argues that his payment was "a one time thing" and not "periodic." He also urges that the lump-sum settlement would not fall within the definitions of "income" found in the Principal and Income Act (Ill. Rev. Stat. 1989, ch. 30, par. 504) and the Senior Citizens and Disabled Persons Property Tax Relief and Pharmaceutical Assistance Act (Senior Citizens Act) (Ill. Rev. Stat. 1989, ch. 67½, par. 403.07). He further notes that, under section 104(a)(1) of the Internal Revenue Code, gross income specifically excludes "amounts received under workmen's compensation acts as compensation for personal injuries or sickness" (26 U.S.C.A. §104(a)(1) (West 1988)).

Initially, we note that section 706.1 of the Marriage Act governs the withholding of income in order to secure payment of support. The definition of income found therein is intended to define the term for the purposes of that section only; there is no indication that it is intended to define the term for any other purpose of the Marriage Act.

As for respondent's argument that we should look to the definitions of "income" contained in other Illinois statutes and the Internal Revenue Code, we do not find these authorities persuasive regarding the issue before us. "[S]eparate acts with separate purposes need not define similar terms in the same way, but, rather, the same words may mean one thing in one statute and something different in another, depending upon the connection in which the word is used, the object or purpose of the statute and the consequences which probably

will result from the proposed construction." (*Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 154.) Review of the statutes cited by respondent reveals that their purposes are widely divergent from the purposes of the Marriage Act.

Section 3 of the Principal and Income Act provides that that act governs the ascertainment of income and principal in cases where a trust is established. (Ill. Rev. Stat. 1989, ch. 30, par. 503.) The purpose of the Senior Citizens Act, as set forth in section 2, is to provide incentives to senior citizens and disabled persons in the areas of the acquisition and retention of private housing and to ease their property tax burden. (Ill. Rev. Stat. 1989, ch. 67½, par. 402.) With regard to the Internal Revenue Code, we consider it plainly evident that that Federal statute has a purpose different from the purpose of the Illinois Marriage Act. Not only do these statutes have different purposes, but, in addition, we cannot find in them any statements to indicate that their scope extends to the issues before us. In summary, it is clear that the aforesaid acts relied upon by respondent each have a purpose separate and distinct from each other and from the Marriage Act. Accordingly, they provide no assistance to us in revealing the meaning of "income" as utilized by the legislature in the Marriage Act. We find the statutory definitions invoked by respondent to be irrelevant to the issues before us.

■ Section 510(a) of the Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 510(a)) allows for modification of a child support order upon a showing of a substantial change in circumstances. In deciding whether to modify a support order, the court must consider the same factors it weighs under section 505 of the Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 505) when it formulates an original support order. (*In re Marriage of Lyons* (1987), 155 Ill. App. 3d 300, 305.) Section 505 establishes a right of the court, incident to a marital dissolution, to impose on parents the obligation of child support and establishes various guidelines for determining the amount of child support. One of these guidelines provides that the court should determine a supporting parent's "net income," which is defined in section 505(a)(3) as "the total of all income from all sources," minus certain specified deductions. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(3).) Resolution of the issue raised by respondent requires us to determine whether his worker's compensation award falls within the scope of this statutory definition of net income.

The rules of statutory construction require this court to determine and follow the intent of the legislature's acts. It is a cardinal rule of construction that the intent and meaning of a statute are to be deter-

mined from the entire statute, and all its sections are to be construed together in light of the general purpose and plan, the evil intended to be remedied and the object to be obtained. If the language is susceptible of more than one construction, the statute should receive the construction that will effect its purpose rather than defeat it. (*Klier v. Siegel* (1990), 200 Ill. App. 3d 121, 124.) Application of these principles persuades us that respondent's lump-sum settlement payment should be included in his net income.

■ We note, first of all, that section 102 of the Marriage Act provides in relevant part that the Act shall be liberally construed and applied to promote its underlying purposes, one of which is to make reasonable provisions for minor children during and after litigation. (Ill. Rev. Stat. 1989, ch. 40, par. 102.) Furthermore, the legislature used broad and inclusive language—"all income from all sources"—to define the scope of a supporting parent's income, thereby providing a basis for determining the amount of child support. This language leads us to believe the legislature intended the term "income" to be broadly applied. Accordingly, we conclude that the one-time receipt of money from a lump-sum payment of a worker's compensation settlement comes within the parameters of net income as defined in section 505(a)(3).

Our decision is fortified by section 706.1 of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 706.1), which provides for court-ordered withholding of specified amounts of income by a third party in order to secure payment of child support. Whereas section 505 provides that the court shall consider all income from all sources, section 706.1 defines income from the standpoint of periodic payments. In keeping with its intended purpose, section 706.1 provides in part that " '[i]ncome' means any form of periodic payment to an individual, regardless of source, including, but not limited to: wages, salary, commission, compensation as an independent contractor, *workers' compensation.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, par. 706.1(A)(4).) The fact that a worker's compensation award is contained within the narrower definition of income contained in section 706.1 supports the proposition that a lump-sum worker's compensation award is contained within the broad definition of income set forth in section 505.

It is illogical to conclude that the legislature intended lump-sum worker's compensation awards to be excluded from section 505's broad definition of income because of the periodic payment language contained within section 706.1. To reach this unreasonable result, one must conclude that the legislature intended to require a parent who elects to receive a worker's compensation award in the form of peri-

odic payments to include the award as income for purposes of meeting his child support obligations, while, at the same time, permitting another parent, merely because he elects a lump-sum worker's compensation award, to escape the duty of applying the award to his child support obligations. Statutes are to be construed in such a way that they have a reasonable meaning and are accorded an interpretation that will not lead to absurd consequences. *Sinnock v. Board of Fire & Police Commissioners* (1985), 131 Ill. App. 3d 854, 857.

In arriving at the child support award, the trial judge found that the lump-sum settlement constituted income pursuant to its definition in section 706.1 of the Marriage Act. To arrive at this result, the court concluded that the lump-sum award in a real sense was merely a transformation of the periodic payment award to which respondent was entitled. We have determined that the lump-sum award constituted income as defined in section 505(a)(3) of the Marriage Act. The language of section 706.1 is intended to secure the payment of child support through third parties who are normally obligated to pay income to the supporting parent in the form of periodic payments. Because respondent received the full lump-sum settlement amount from his third-party employer, section 706.1 was an inappropriate vehicle for the purpose of ordering the payment of child support. Nevertheless, having determined that the lump-sum award constituted income, the trial court proceeded to determine the amount of child support pursuant to the standards set forth in section 505(a)(2) of the Marriage Act.

Respondent raises only the issue of whether his lump-sum worker's compensation award constituted income for the purpose of determining his obligation to pay child support under the Marriage Act. Respondent does not raise, and therefore has waived, the issue of whether the trial court properly determined the specific amount of child support respondent was ordered to pay.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

REINHARD, P.J., and NICKELS, J., concur.