**CHOCTAW PUMP & SUPPLY, INC., and the State Insurance Fund, Petitioners,**

v.

**Leon Herman COLEMAN and the Workers' Compensation Court, Respondents.**

**No. 83775.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 13, 1994.

Steven E. Hanna, State Ins. Fund, Oklahoma City, for petitioner.

Redmond P. Kemether, Oklahoma City, for respondent.

**OPINION**

GARRETT, Vice Chief Judge:

Respondent, Leon Herman Coleman (Claimant) filed his Form 3–B in the Workers' Compensation Court on July 23, 1993, alleging he sustained an injury to both knees "due to constant standing, walking, lifting and other strain to his knees" while employed as a salesman by Petitioner, Choctaw Pump & Supply, Inc., AKA Choctaw True Value Hardware (Employer). Claimant alleged the date of last exposure was July 2, 1993. The trial court entered its order on March 25, 1994, awarding compensation to Claimant. The court found:

—1.—

That on July 2, 1993, claimant was employed by the above named respondent and such employment was subject to and covered by the provisions of the Workers' Compensation Act of the State of Oklahoma; and on said date claimant sustained an accidental personal injury as a result of cumulative trauma to the right leg (knee) and left leg (knee) arising out of and in the course of claimant's employment. ·

—2.—

That respondent had timely notice of the injury by claimant's filing of this claim within two (2) years of the date of the last trauma or hazardous exposure.

—3.—

That the claim herein is not barred by the statute of limitations.

■ The order was appealed to the Court *En Banc* by Employer, and a three judge panel affirmed the trial court on June 14, 1994, finding the order was not against the clear weight of the evidence or contrary to law. The only issue raised in this review proceeding by Employer is that the finding that Claimant's claim was not barred by the statute of limitations is contrary to law and is not supported by the evidence.

Under Oklahoma law, a workers' compensation claim which is the result of a cumulative trauma must be filed within two years from the date of last trauma or hazardous exposure. See 85 O.S.1991 § 43(A). Claimant testified he worked for Employer three different periods of time. The periods were in 1987 until September, 1988; April, 1989, until November, 1989; and June, 1990 until July, 1993. The second period of employment, in 1989, was interrupted because Claimant became incarcerated. He testified he first began noticing a problem with his knees in 1989, and also during his last period of employment.

Employer argues that because Claimant first noticed his knee injury in 1989, he was required to file his claim within two years of November, 1989, or November, 1991. Thus, Employer argues, because he filed his claim in July, 1993, it was time barred. We disagree.

When Claimant's third period of employment commenced in June, 1990, the statute of limitations had not run on Claimant's claim. The evidence shows he worked continuously from June, 1990, until his employment was terminated in 1993. Under § 43, the only requirement is to file a cumulative trauma claim within two years of the date of last trauma.

This claim would not be time barred until July, 1995. Employer has not cited authority for the proposition that any interruption in employment, less than the statutory limitation period, with the same employer would cause the employee's claim to be time barred, and we know of none.

■ Employer has the burden of proof when a statute of limitations defense is raised to show the applicable limitation period barred the claim. *Special Indemnity Fund v. Choate,* 847 P.2d 796 (Okl.App.1993). This claim was not time barred.

ORDER SUSTAINED.

HUNTER and ADAMS, JJ., concur.