Jimmy Don THOMAS, Appellant,

v.

Leandra THOMAS, Appellee.

No. 85568.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Dec. 24, 1996.

---

W.H. Layden, McAlester, for Appellant.

Stanley K. Garland, Legal Services of Eastern Oklahoma, Poteau, for Appellee.

## MEMORANDUM OPINION

TAYLOR, Presiding Judge.

In a marriage dissolution action, Jimmy Don Thomas (Father) seeks review of a judgment holding that all of the proceeds from the sale of a house he inherited constituted "income" in computing child support. This court, having examined the record on appeal and the applicable law, vacates the trial court's judgment and remands with directions.

The essential and undisputed facts are that Father and Leandra Thomas (Mother) were married March 15, 1982. Three children were born of the marriage: Jimmy and Amanda, born February 19, 1986, and Ance, born October 26, 1987. On December 28, 1994, Father filed a petition for divorce.

The parties and their attorneys stipulated as to all issues raised by the parties in Father's petition and Mother's answer. The only issue not resolved was the amount of child support to be paid by Father to Mother, who was awarded custody of the three minor children.

In May 1994, Father sold a house for $36,000. He had acquired the house by inheritance. Mother made no claim of any right, title, or interest in the house. Under the terms of the sale, Father is to receive $1,000 per month for thirty-six months. The $1,000 monthly payment included ten percent interest on the unpaid balance due under the terms of the sales agreement. The parties stipulated that the average monthly interest on the unpaid balance was $147.08.

Father received income of $1,018 per month from unemployment compensation, in addition to the $1,000 per month he received from sale of the house. Mother is unemployed, but is imputed to earn minimum wages of $736 per month.

The case at bar presents a single issue, which is one of first impression in Oklahoma: Whether the proceeds from the sale of inherited property constitute income under 43 O.S. 1991 § 118(2) for purposes of computing child support. Having carefully examined the record, we hold the trial court erred as a matter of law by ordering that all proceeds from the sale of the inherited property should be considered income for the purpose of computing Father's child support obligation.

Contested issues of law are reviewable in all actions, suits, and proceedings by a de novo standard of review. An appellate court has plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Weeks v. Cessna Aircraft Co.,* 895 P.2d 731 (Okla.Ct.App.1994).

[2] The trial court had jurisdiction to grant the divorce and determine child custody. However, it lacked jurisdiction to order that the $1,000 per month which Father received from the sale of the inherited property constituted "gross income" for the purpose of calculating child support.

The capital or corpus in an estate is distinguished from the income derived from that capital or corpus. *See Carter v. Rector,* 88 Okla. 12, 210 P. 1035 (Okla.1922). Payments on a promissory note consist of a return of principal and the interest on that principal. The return of the principal is not "income," and therefore cannot be included in the combined "gross income" of both parents. The interest on a promissory note is income, and should be included when computing the combined gross income.

The order designating all of the $1,000 per month Father receives from the sale of the

inherited property as gross income is reversed and remanded. The trial court is directed to attribute as income only the ten percent interest on the principal balance due under the contract for sale of the inherited property. This interest income, together with Father's income from unemployment compensation, and Mother's imputed income, constitute the combined gross income of both parents.

REVERSED AND REMANDED WITH DIRECTIONS.

RAPP, C.J., and STUBBLEFIELD, J. (sitting by designation), concur.