James **RUZIKA**, Petitioner,

v.

**RENT CITY OF ALTUS, Bituminous Insurance Company, and Workers' Compensation Court, Respondents.**

No. 88215.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 14, 1997.

Certiorari Denied March 25, 1997.

Albert M. Morrison, Antony C. Link, Oklahoma City, for Petitioner.

Tenal S. Cooley, III, Oklahoma City, for Respondents.

## OPINION

HANSEN, Presiding Judge:

Petitioner, James Ruzika ("Claimant"), seeks review of an order of the Workers' Compensation Court denying his claim for permanent partial disability because it was barred by the statute of limitations in 85 O.S.1995 Supp. § 43. Claimant was injured on March 26, 1987 and filed his claim for compensation on March 21, 1988. He filed "Form 9s," motions to set the matter for trial, on September 28, 1988, October 19, 1988 and January 9, 1989. All of these motions sought hearing on permanent partial disability, among other issues. A hearing was held on January 25, 1989, and an order issued on January 31, 1989 awarding compensation for "permanent partial disability to the BODY AS A WHOLE due to injury to the BACK AND 6 per cent permanent partial disability to the LEFT LEG DUE TO RADICULAR SYMPTOMS." The order also provided "hearing on permanent partial disability due to THROMBO PHLEBITIS TO CALF OF LEFT LEG is reserved for future hearing" and ordered Respondent to

"provide continuing medical." Included in its findings were the dates of payment of temporary total disability benefits, showing September 2, 1988 as the last date paid. On February 19, 1993, Claimant filed a Form 9 seeking hearing on temporary disability, medical treatment, and change of treating physician, but not on permanent partial or total disability. The record on appeal contains no medical reports from 1993, no court minutes showing the disposition of the motion, and no evidence regarding settlement of the motion. On May 17, 1996, Claimant filed a Form 9 seeking hearing on permanent partial disability and continuing medical treatment, listing his physician as the only witness to be called at trial and a medical report as the only exhibit to be offered at trial. Respondent filed a Form 9 to challenge jurisdiction, listing no witnesses and no exhibits. Both parties filed briefs on the statute of limitations issue and appeared for hearing, but no record was made of the hearing. The trial court ruled (1) Claimant failed to timely request a hearing on permanent partial disability due to thrombophlebitis, (2) Claimant had the burden of proof to show the limitations period was tolled by payment of compensation and failed to meet it, and (3) his claim was barred by 85 O.S. 1995 Supp. § 43.

Claimant contends this order was in error because (1) where the court's first order reserved the issue of disability due to thrombophlebitis for a future hearing, no statute of limitations applies, (2) Respondent was under order to provide continuing medical maintenance with the last treatment being May 16, 1996, and (3) Claimant's 1993 motion was filed within five years of the date of the last order. The second assignment of error was not briefed and therefore is waived. *American First Abstract Co. v. Western Information Systems, Inc.*, 735 P.2d 1187, 1189 (Okla.1987).

In his brief, Claimant also contends the court erred in making its ruling without taking testimony or admitting exhibits. However, he made no record of his seeking to put on evidence, the court ruling thereon, or the evidence he would have tendered had

he been allowed to do so. As the court stated in *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 129 (Okla.1984), "[i]n the absence of a ruling by the trial court on the asserted error, there is nothing for this Court to review, and it cannot be raised for the first time on appeal."

The standard of review for a limitations issue is set forth in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 902 (Okla.1976):

Statute of limitation issue is ordinarily a mixed question of law and fact. If the issue under § 43, supra, depends upon a question of fact, and the trial tribunal has heard evidence thereon, its findings on that fact issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. As a mixed question of law and fact, and even though the factual determination will not be independently reviewed in this court if reasonably supported by the evidence, application of § 43 so as to bar a claim and thereby determine the issue is a conclusion of law. As a conclusion of law, it is reviewable in this court. [footnotes omitted]

See also *Special Indem. Fund v. Choate*, 847 P.2d 796, 804 (Okla.1993).

 The statute of limitations at issue is contained in 85 O.S.1995 Supp. § 43(B):

When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

The test, then, for whether a claim is time-barred after it is filed is two-pronged: when Claimant requested hearing and final determination, (1) had five years passed since the claim was filed, or (2) had five years passed since the last payment of compensation? Because either prong is sufficient to keep the claim alive, both prongs must fail in order to time-bar a claim. The employer has the burden of proof in claiming a statute of limitations defense. *Choctaw Pump & Supply, Inc. v. Coleman*, 883 P.2d 204, 205 (Okla.App. 1994). See also *Special Indemnity Fund v. Choate*, 847 P.2d 796 (Okla.1993). However, Claimant has waived any error relating to the second prong, i.e., whether five years passed since the last payment of compensation, by failing to raise it either below or on appeal. *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 129 (Okla.1984).

 The sole remaining issue is whether the first prong of § 43(B) may bar a claim when the court, upon hearing Claimant's request for final determination, reserves an issue for future hearing, and if so, when. The record reflects Claimant requested hearing and final determination of his claim three times, the latest on January 9, 1989, prior to the hearing which finally adjudicated disability to his body as a whole due to injury to the back and to his left leg due to radicular symptoms and reserved for future hearing the issue of disability to the left leg due to thrombophlebitis. Claimant argues the court's order takes the case out of the purview of § 43(B) and even if it does apply, the 1993 motion satisfied its requirement. In *Matter of Death of Hendricks*, 812 P.2d 1361 (Okla.1991), the Court considered whether a request for final determination permanently withdraws a claim from the five-year limitation. Based on the rationale that allowing such a result would thwart the legislative purpose of limiting the period of potential liability of employers, the Court held "the bar of the statute is demonstrated when any five-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination." *Id.* at 1364. For the same reason, the trial court's order in the present case reserving an issue for future hearing does not permanently withdraw the claim from the limitation of § 43(B). Claimant's 1993 motion did not seek final determination of any claim. Prior to the 1996 motion, the last arguable "good faith effort to receive a hearing and final determination" occurred when Claimant

prosecuted his case at the January 25, 1989 hearing. More than five years passed between that date and the next effort to request a final determination on May 17, 1996. Accordingly, the claim for permanent partial disability to the left leg due to thrombophlebitis is barred by the statute of limitations.

The order of the trial court is SUSTAINED.

JOPLIN and BUETTNER, JJ., concur.