1999 OK CIV APP 13

**Deana J. MELCHER, Petitioner,**

v.

**C & C INDUSTRIES, Commercial Union Insurance and the Workers' Compensation Court, Respondents.**

**No. 91,622.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 12, 1999.

---

Bret Unterschuetz, Arthur H. Adams, Arthur H. Adams, P.C., Tulsa, Oklahoma, For Petitioner.

James J. Robertson, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, For Respondents.

## OPINION

STUBBLEFIELD, P.J.

¶ 1 This is an appeal from order of the Workers' Compensation Court three-judge panel, affirming as modified the trial court's order denying claimant's request to reserve for later adjudication a period of temporary total disability (TTD). Based on our review of the record on appeal and applicable law, we vacate the order in part.

¶ 2 This appeal involves a claim filed by Claimant Deana Melcher against Employer C & C Industries. The specific dispute centers on proceedings occurring at a hearing on March 31, 1998. On that date, the trial court first summarized the extensive prior orders in the case and requested announcements of counsel. Counsel for Claimant announced:

> We're here, today, on the issue of finding of injury to the neck, today, Your Honor. We are requesting further reservations of already reserved body parts of the right shoulder, right hand, left arm and psychological overlay, Your Honor.
>
> . . . .
>
> ... We're asking for TTD, today, from August 17, 1997,[1] that's the date of Dr. Martin's report, to present and continuing, based on [the IME's] reports.
>
> We're asking for treatment under the supervision of [the IME]. [He] also mentions that he would like [Claimant] to see somebody in psychological training. We would like a consult for that as well, an order, today, Your Honor. Your Honor, additionally, we would like to reserve the period of TTD before August [14], 1997.

¶ 3 Employer's counsel objected to Claimant's request for reservation of the period of TTD prior to August 14, 1997, stating to the trial court: "[W]e believe, Your Honor, all periods of temporary prior to that date have previously been adjudicated by this Court," and, "for today's purposes, there's no medical

---

1. The correct date is August 14, 1997.

to support any [such] request." Claimant's counsel responded:

That's correct, Your Honor. I've discussed this claim with my client, this morning, and apparently there are some additional medical records. I don't know that they address the issue of TTD. We would want to reserve that issue in case it came up later, Your Honor.

¶ 4 The trial court determined that a prior order reserved the issue of TTD for the period of July 30, 1993, to September 16, 1993, and that any periods of TTD after the date of that order had not been adjudicated. The trial court then requested to speak to the parties at the bench. However, the bench conference was "off the record." Thus, the hearing transcript does not contain any details of the discussion. There is nothing in the transcript indicating that the trial court, before proceeding with the hearing, specifically ruled on Claimant's request to reserve TTD. Immediately after the bench conference concluded, Claimant was sworn as the first witness.

¶ 5 In its written order, filed six days after the trial, the trial court found that Claimant sustained an accidental personal injury due to cumulative trauma to her neck, in addition to a previously adjudicated injury to her right arm. The trial court reserved for future hearing the issues of injury to Claimant's right shoulder, right hand, left arm and any psychological overlay, as well as the permanent disability determination. The order further provided: (1) Claimant has been temporarily totally disabled and is still temporarily totally disabled and in need of further medical treatment; (2) Compensation has been paid from September 16, 1993, to January 10, 1995; (3) Compensation is due from January 14, 1998 to "DATE," and shall continue for and during Claimant's period of TTD, not to exceed fifty-two weeks; (4) Claimant's continued request to reserve the issue of TTD from July 30, 1993, to September 16, 1993, and from January 10, 1995, to

August 14, 1997, is denied; and, (5) Claimant's request for TTD from August 14, 1997, to January 14, 1998, is denied.[2]

¶ 6 Claimant appealed to a three-judge panel,[3] which modified the trial court's order in part and entered the following paragraphs:

THAT the claimant's continued *request to reserve* the issue of temporary total disability from JULY 30, 1993 to SEPTEMBER 16, 1993, pursuant to the prior order of JANUARY 17, 1995 is GRANTED. Claimant's *request to reserve* temporary total disability form [*sic*] JANUARY 10, 1995 to AUGUST 14, 1997 is DENIED.

THAT the claimant's request for temporary total disability from AUGUST 14, 1997 to JANUARY 14, 1998 is hereby DENIED.

(Emphasis added.) Claimant now seeks review in this court from the order of the three-judge panel denying her request to reserve the issue of a specific period of TTD.

¶ 7 Claimant raises two propositions of error on appeal. She first asserts that the panel's order must be vacated because, in a TTD hearing, a claimant is entitled to reserve a prior period of TTD as a matter of law. In the alternative, Claimant asserts that in the interest of fundamental fairness, the trial court was required to rule on her request to reserve a period of TTD before proceeding with trial.

¶ 8 Employer asserts that any rule, which would give a claimant unrestrained authority to reserve or withhold issues from trial, could keep a claim from ever being adjudicated. Employer maintains it is within the trial court's discretion to grant or deny any requested reservation of an issue. We agree with Employer's contention regarding discretion of the court in regard to limiting issues for trial but find merit to Claimant's due process complaint.

¶ 9 We first note that Employer's concern regarding a claimant's ability to in-

---

2. The order denies the request to reserve the issue of TTD for specific periods but neither grants nor denies TTD for those periods.

3. The actual appeal document is missing from the file assembled by the Workers' Compensation Court and, therefore, we have not reviewed it. However, the *judgment* of the review panel is in the record, and on consideration of the parties' briefs, the appeal document does not appear to be a crucial part of the appellate record.

definitely reserve issues, and thereby forestall conclusion of a case, already has been adequately addressed by the Legislature.[4] However, we agree with Employer's assertion that the decision to grant or deny a request to reserve an issue for future hearing is a matter within the discretion of the trial court. We find the question settled by Workers' Compensation Court Rule 18A, 85 O.S. Supp.1995, ch. 4, app., which provides that a case set for trial shall be fully submitted, except in two specific instances not applicable herein, and except "as the Court, in its discretion, may determine." Thus, we reject Claimant's contention that she was entitled to reserve an issue as a matter of law.

¶ 10 However, the assertion that the trial court did not apprise Claimant that the request to reserve the issue of a specific period of TTD was being denied raises a more difficult issue. It is certainly a better practice for a claimant, desiring to reserve a specific issue for later trial, to so indicate on the motion to set for hearing. *Frair v. Sirloin Stockade, Inc.,* 1981 OK 117, ¶ 3, 635 P.2d 597, 599. However, it is certainly not uncommon for the parties to make announcements about such matters immediately prior to trial. We conclude that in such an instance the trial court was required to rule on the issue prior to trial in order to inform the parties of the actual issues to be tried.

¶ 11 The issue is similar to that addressed by the court in *Gaines v. Sun Refinery and Marketing,* 1990 OK 33, ¶ 21 n. 5, 790 P.2d 1073, 1080 n. 5, *rejected on other grounds, Davis v. B.F. Goodrich,* 1992 OK 14, 826 P.2d 587. The *Sun* court ruled that an objection to a medical report, which is made prior to any award being entered or denied, must be ruled on prior to judgment so that, if the objection is sustained, the offering party may be afforded additional time to furnish a corrected report.

¶ 12 We conclude that the effect of a post-trial ruling denying a request to reserve an issue is to deny fundamental fairness in the litigation process. A claimant whose request is denied *after the trial* is not apprised of the specific issues to be addressed by the trial court. The claimant, not knowing the scope of the judicial proceeding, has no full opportunity to present his case. Thus, we hold that a request to reserve issues, which was entered by a party prior to trial, must be ruled on by the trial court before final submission of the case.

¶ 13 Finally, we address Employer's assertion, made with little or no argument or authority, that the order must be sustained where it is supported by competent evidence. The apparent basis for this assertion is that the panel's order implicitly denies benefits for the period of TTD that Claimant attempted to reserve. However, as noted, both the trial court and the three-judge panel denied the *motion to reserve* but neither court ruled on the *merits* of TTD for the disputed period.

¶ 14 The Workers' Compensation Court is required to make specific findings of fact responsive to the issues and conclusions of law on which its order is to be rested. *Benning v. Pennwell Publishing Co.,* 1994 OK 113, ¶ 7, 885 P.2d 652, 655. The denial of Claimant's request to reserve the issue of TTD for the period from January 10, 1995, to August 14, 1997, with nothing more said, does not constitute a "specific finding" on the issue of TTD for that period. If that portion of the Workers' Compensation Court's order purports to adjudicate the issue that Claimant attempted to reserve, it lacks the necessary elements for judicial interpretation.

---

4. *See* 85 O.S.1991 § 43(B), which provides that, unless the claimant in good faith requests a hearing *and final determination* within five years of filing a claim, or within five years of date of last payment of compensation or wages in lieu thereof, the claim shall be barred and shall be dismissed for want of prosecution, which action shall operate as final adjudication of the right to claim compensation. In 1997, the five-year time limit was reduced to three years. 85 O.S. Supp. 1997 § 43. In *Ruzika v. Rent City of Altus,* 1997 OK CIV APP 17, 939 P.2d 23, the court determined that a trial court order reserving an issue for future hearing does not withdraw the claim from the limitation of section 43(B).

¶ 15 In view of the foregoing rationale, the portion of the three-judge panel's order denying Claimant's request to reserve the issue of TTD from January 10, 1995, to August 14, 1997, is vacated. The cause is remanded for further proceedings consistent with the pronouncements herein.

¶ 16 SUSTAINED IN PART, VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

BOUDREAU, V.C.J., and REIF, J., concur.