2003 OK CIV APP 26

**Maxine HENNESSY, Petitioner,**

v.

**C.R. ANTHONY, Cigna and the Workers' Compensation Court, Respondent.**

**No. 97,580.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 27, 2002.

Certiorari Denied Feb. 19, 2003.

---

Brandon J. Burton, T.R. Banks, Oklahoma City, OK, for Petitioner.

Connie M. Wolfe, Oklahoma City, OK, for Respondents.

Opinion by BAY MITCHELL, Judge.

¶1 Claimant seeks review of a Workers' Compensation Court order denying her claim, finding it barred by the provisions of 85 O.S. Supp.1997 § 43(B) which requires a good faith request for hearing and final de-

termination thereon within three years from the date of filing the claim or from the date of last payment of compensation or wages in lieu thereof.

¶2 Claimant's on-the-job injury occurred on April 19, 1995.[1] Employer voluntarily paid for medical treatment until December 7, 1995. Claimant's Form 3 was filed January 2, 1996, alleging injuries to her head, neck and back. The next relevant filing on Claimant's behalf was a Form 9, Request for Medical Treatment, filed April 30, 1996. On June 3, 1996, this was stricken because the court was informed that it was "moot". In April, 1998, a request for a pre-hearing conference was filed, then later also stricken as "moot". Other pleadings filed by Claimant include a Form 13 (motion for appointment of an independent medical examiner), filed in April, 1995; a Form 9 (motion to set for trial on the issue of medical treatment from January, 1996 to the present), filed April 30, 1996; another Form 13 (motion for appointment of independent medical examiner), filed April 30, 1996; and a Form 13 (request for a settlement conference), filed in April, 1998.

¶3 The issue is straightforward—whether the three-year limitations period provided in 85 O.S. § 43(B)[2] applies and bars this case. On review, a limitations issue ordinarily presents a mixed question of law and fact. *Ruzika v. Rent City of Altus*, 1997 OK CIV APP 17, 939 P.2d 23, 25. "As a mixed question of law in fact . . . application of § 43 so as to bar a claim and thereby determine the issue is a conclusion of law." *Id.*

¶4 *Ruzika v. Rent City of Altus*, supra, is instructive. It explains that under § 43(B), not only must a claimant make a good faith request for hearing and final determination within five years[3] from the filing of the

---

**1.** April 19, 1995, of course, is the date of the bombing of the Alfred P. Murrah Federal Building in Oklahoma City. Claimant's Form 3 alleges she was thrown across the room where she was working when the bomb went off.

**2.** 85 O.S. Supp.1997 § 43(B) provides in pertinent part:
When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or

within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

**3.** The earlier version of 85 O.S. § 43 which is applicable in the *Ruzika* case provided for a five year limitations period rather than the three years provided now. Otherwise, there is no dif-

claim, but the statutory bar will apply "when any five-year period passes" in which there has been no good faith effort to receive a hearing and final determination. *Id.*

¶5 In the instant case, the parties argue about whether Claimant's Form 9, motion to set for trial on the issue of medical treatment filed April 30, 1996, was a request for a "hearing and final determination thereof". They also argue over whether the announcement to the trial court on June 3, 1996, that this motion was "moot" indicates it was not "a good faith" request for hearing. It makes no difference, however, because there was a period of over three years, from at least June 3, 1996, to July 16, 2000, when there was clearly no request for final determination that would satisfy § 43(B). Claimant's only filing during that four year period was a Form 13, request for a pre-hearing settlement conference. No stretch of legal logic will allow that filing to be interpreted as a request for hearing and final determination.

¶6 Claimant's action is barred. The order of the Workers' Compensation Court is SUSTAINED.

HANSEN, P.J., dissents, and ADAMS, J., concurs.

ference in the statutory language considered in

*Ruzika* and that applicable in the instant case.