No. 2--02--0998 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

ERIN SCHACHT, n/k/a/ Erin ) of McHenry County.

Anderegg, )

)

Petitioner-Appellee, ) No. 96--DV--232

)

and ) 

) 

ALAN L. SCHACHT,                       ) Honorable      

) Joseph P. Condon,

Respondent-Appellant. ) Judge, Presiding.

______________________________________________________________________________ 

JUSTICE BYRNE delivered the opinion of the court:

Respondent, Alan L. Schacht, appeals the circuit court's order denying his petition to reduce child support.  He contends that his support obligation was based on a lump-sum worker's compensation settlement that has been exhausted and that his support obligation now represents more than 100% of his actual income.  We vacate and remand.

Respondent and petitioner, Erin Schacht, now known as Erin Anderegg, were married in 1983.  They have three children, Sara, Trevor, and Hanna.

In 1995, respondent was injured on the job and filed a worker's compensation claim.  While the claim was pending, he received $1,493.36 per month in temporary total disability (TTD) payments.  Petitioner filed her petition to dissolve the parties' marriage on March 21, 1996.  While the petition was pending, the court ordered respondent to pay $477.88 monthly--representing 32% of his TTD payment--for temporary child support, and $111.18 for the children's health insurance.

The trial court dissolved the parties' marriage on March 10, 1998.  The judgment gave petitioner sole custody of the children and required respondent to continue paying child support and health insurance at the same rate as before.  The judgment awarded petitioner as marital property 35% of respondent's pending worker's compensation claim.

Respondent appealed, contending, among other things, that the trial court erred by awarding petitioner a percentage of his as-yet-undetermined worker's compensation settlement.  Citing 
In re Marriage of DeRossett
, 173 Ill. 2d 416, 422 (1996), we held that the trial court did not err by considering the claim as marital property, but that it was premature to divide the claim before the settlement amount was fixed.  
In re Marriage of Schacht
, No. 2--98--0826 (1999) (unpublished order under Supreme Court Rule 23) (
Schacht I
).

Shortly after our order was filed, respondent received a lump-sum worker's compensation settlement of $150,000.  After deducting costs and attorney fees, respondent was left with a net award of $118,973.  The trial court awarded petitioner 30% of the award as marital property.  The court ordered that the settlement be placed in a trust account administered by respondent's attorney, W. Randal Baudin.  Baudin was authorized to pay respondent $746.68 twice per month.  (The monthly total of $1,493.36 was the same as the TTD payments he formerly received.)  During this time, respondent's child support obligation was unchanged.

When the trust arrangement terminated, respondent received $24,301.11, which was all that remained of the worker's compensation settlement.  He claims that he gave this to his parents to reimburse them for having paid his attorney fees during the dissolution proceedings.

Respondent also applied for Social Security disability benefits.  After a hearing, the Social Security Administration (SSA) advised respondent that he was eligible for $991 per month in benefits.  However, when the checks started arriving, respondent actually received only $381 per month.  The SSA advised respondent that it set off his worker's compensation settlement against his disability benefits.  Respondent also learned that his children were not receiving Social Security benefits although they were eligible to receive $150 per month apiece.  Respondent is appealing the SSA's decision to set off his worker's compensation settlement against his disability benefits.

Following the second remand from this court, the trial court conducted further hearings and awarded petitioner 30% of respondent's worker's compensation award as marital property.  The court allocated another 20% of the award to establish trusts for the children's college expenses.  See 750 ILCS 5/503(g), 513(a)(2) (West 2002).

Respondent again appealed.  This court affirmed the trial court's division of the worker's compensation settlement as marital property.  
In re Marriage of Schacht
, No. 2--00--1154, slip op. at 8 (2001) (unpublished order under Supreme Court Rule 23) (
Schacht
 
II
).  However, we vacated the portion of the order establishing section 503(g) college trusts and directed the trial court to make further findings about respondent's ability and willingness to pay  his children's college expenses.  
Schacht II
, slip op. at 14.

On December 20, 2001, respondent filed the motion to reduce child support that is the subject of this appeal.  Respondent contended that the worker's compensation settlement had been exhausted and that his only income was the $381 in Social Security benefits he received each month.  Respondent noted that the court had already decided that the settlement was marital property, not income, and had awarded 50% of it to petitioner and the children. 

In a memorandum of decision issued April 19, 2002, the trial court resolved several pending matters.  As relevant here, the court made the additional findings this court required and reinstated the section 503(g) educational trusts, and denied respondent's motion to reduce child support.

The court found that respondent would be unable or unwilling to provide for his children's post-high-school education.  In support of this conclusion, the court observed that respondent had been less than forthright in his financial affidavit, failing to list any assets.  However, respondent had at least one significant asset, the approximately $24,000 remaining from the worker's compensation settlement.  In addition, the court referred to evidence, recited in 
Schacht II
, that respondent was capable of working but had not looked for work.  If the current situation remained unchanged, the court concluded, respondent would exhaust the remaining funds in supporting himself and paying child support.  He would therefore be unable to provide for his children's education.

In denying respondent's child support motion, the court found that respondent had not demonstrated a change in circumstances.  The court apparently continued to attribute to respondent income from the worker's compensation settlement and concluded that he was actually better off because he was also receiving Social Security benefits.  Respondent moved to reconsider.  The trial court reduced the support amount to account for respondent's oldest daughter having turned 18, but otherwise denied the motion.  Respondent timely appealed.

Respondent contends that the trial court should have reduced the child support because he had exhausted the worker's compensation settlement and his support obligation exceeded his actual monthly income of $381.  We agree with respondent, although for slightly different reasons, and therefore vacate and remand.

Initially, we note that petitioner has not filed a brief.  However, we may review respondent's issue without the benefit of an appellee's brief.  See 
In re Marriage of Menken
, 334 Ill. App. 3d 531, 533 (2002).

Generally, to obtain a reduction in child support, a party must show a substantial change in circumstances.  750 ILCS 5/510(a)(1) (West 2002); 
In re Marriage of Sweet
, 316 Ill. App. 3d 101, 105 (2000).  Modifying child support is within the trial court's discretion and we will not disturb its decision absent an abuse of that discretion.  
In re Marriage of Pihaly
, 258 Ill. App. 3d 851, 855 (1994).  

In 
DeRossett
, the supreme court held that a worker's compensation claim that accrues during marriage is marital property.  In 
In re Marriage of Dodds
, 222 Ill. App. 3d 99, 101-02 (1991), this court held that the trial court properly considered as income to the paying spouse a worker's compensation claim that accrued after the dissolution.  We noted that worker's compensation payments are intended to compensate the recipient for his or her lost income.  In 
Villanueva v. O'Gara
, 282 Ill. App. 3d 147, 150-51 (1996), we held that a personal injury settlement could be considered as income only to the extent that it compensated the recipient for his lost wages.

DeRossett
 and 
Dodds
 provide that a worker's compensation claim may be treated as marital property or as income to the recipient.  However, it may not be both at the same time.  Here, the trial court originally calculated respondent's child support obligation on the assumption that he was receiving $1,493.36 per month in TTD.  The lump-sum payment was intended to replace that income (see 
Dodds
, 222 Ill. App. 3d at 101), representing 342.28 weeks of permanent partial disability at the same rate, $1,493.36 per month.  In reality, respondent received only half of the lump-sum award because the trial court awarded petitioner 30% of it as marital property and set aside another 20% to create trusts for the children's educations.  However, respondent's child support obligation remained unchanged.  In other words, respondent received only half of the worker's compensation settlement, but continued to pay child support as if he had received the entire amount.  As a result, the settlement proceeds were nearly exhausted by the time respondent filed his motion to reduce support.  While 
Dodds
 holds that a worker's compensation award may be considered income to the receiving spouse, it presupposes that he receives the entire award.  Where, as here, a settlement is apportioned as marital property under 
DeRossett
, it follows that a child support award based on that settlement must be reduced proportionately.

Under the circumstances of this case, the court committed an impermissible "double counting" of the settlement proceeds.  See 
In re Marriage of Talty
, 166 Ill. 2d 232, 236 (1995) ("double counting" is impermissibly counting the value of a marital asset twice).  By designating a portion of the award as marital property, the trial court double counted the marital property portion when the award was included in the trial court's calculation of support based upon the entire undiminished worker's compensation award.  Respondent should receive a new hearing on his motion to reduce child support.  We vacate the judgment denying his motion to reduce child support and remand the cause for additional proceedings on that motion.

It appears that the trial court's intent was to encourage respondent to find a job.  The findings supporting the creation of the college trusts refer to evidence that respondent was capable of working.  A court may impute income to a party in calculating child support if it finds he is voluntarily unemployed or underemployed.  See 
Sweet
, 316 Ill. App. 3d at 107.  However, if the trial court deviates from the guideline amounts set out in the statute (750 ILCS 5/505(a)(1) (West 2002)), it must make express findings.  
Sweet
, 316 Ill. App. 3d at 108.

While the facts here might support attributing additional income to respondent, the court's order does not specifically do so.  Moreover, any imputation of additional income to respondent should be balanced against the unfairness of maintaining respondent's original support obligation while awarding half of his worker's compensation settlement as marital property and for the creation of college trusts.

The judgment of the circuit court of McHenry County is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

McLAREN and O'MALLEY, JJ., concur.