**PROSOURCE and National Union Fire Insurance, Petitioners,**

v.

**Joe RHEA and Workers' Compensation Court, Respondents.**

No. 87590.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 22, 1997.

Larry C. Brawner, Brawner & Brawner, Oklahoma City, for Petitioners.

W.C. Doty, The Bell Law Firm, Norman, for Respondent.

REIF, Judge.

■ Employer and Insurance Carrier seek reversal of the trial court's appointment of an

independent medical examiner (IME). Counsel for the parties have stipulated that Claimant had not submitted any medical evidence in support of his cumulative trauma claim at the time he sought and received appointment of the IME. Counsel for the parties have also stipulated that employer and insurance carrier objected to the appointment of an IME prior to the submission of Claimant's medical evidence. One of their objections was that this exceeded the trial court's statutory authority to appoint IME's. In his answer brief, Claimant conceded the merits of this and the other objections raised by employer and insurance carrier, and also raised a challenge to the appointment of IME's in general as an unconstitutional delegation of power. Claimant did not, however, file a cross or counter appeal to present this issue. Upon review, we agree that the statute governing appointment of IME's—85 O.S.Supp.1996 § 17(D)(3)—cannot be read to authorize appointment of an IME in a cumulative trauma case prior to a claimant's submission of medical evidence, *unless both parties request the appointment of the IME.*

An IME, like the predecessor third physician, is a resource that the trial court may employ in deciding medical issues. Aside from establishing a system to govern and qualify doctors desiring to serve as an IME, the only major differences between the third physician system and the IME system are (1) the authority of the trial court to appoint an IME on its own motion, and (2) the elimination of a set percentage divergence in the medical ratings as a condition of appointment. The statute *still* contemplates that there be some controversy over medical evidence for the IME to assist in resolving, *except* in one instance. Both 85 O.S.Supp. 1996 § 17(D)(3) and 17(F) expressly extend to "the parties" the right to request or stipulate to an IME, *in the absence of* any divergent medical testimony or *in the absence of* any medical testimony at all. The right of the parties to "stipulate" to an IME in the absence of medical evidence, coupled with the statutory burden of proof placed upon a claimant under 85 O.S.1991 § 27, indicate legislative intent that other IME appointments—either at the request of *one* party or on the court's own motion—be preceded by some medical evidence over which there is a controversy.

■ The stipulation by counsel for the parties points out that "Claimant's counsel argued such appointment is consistent with the Rules of the Workers' Compensation Court." Workers' Compensation Court Rule 43(A), 85 O.S.Supp.1996, ch. 4, app., does provide that "any party ... may request the appointment of an independent medical examiner ... even in the absence of any medical testimony." This rule, however, exceeds the statutory authority of § 17(D)(3), and cannot support an IME appointment in the absence of medical evidence unless both parties stipulate to the appointment. The trial court's authority to appoint an IME on its own motion under Rule 43(A) must be similarly restricted in cases where there is an absence of medical evidence.

The order appointing the IME is VACATED.

TAYLOR, V.C.J., and GOODMAN, P.J., concur.