2007 OK 99

**KEY ENERGY SERVICES, INC. and Highland Insurance Co., Petitioners,**

v.

**William LeRoy MINYARD and The Workers' Compensation Court, Respondents.**

No. 103,712.

Supreme Court of Oklahoma.

Dec. 12, 2007.

Bradley T. Hollar, Oklahoma City, OK, for Petitioners.

John R. Colbert, Ardmore, OK, Robert Highsaw, Oklahoma City, OK, for Respondents.

KAUGER, J.,

¶ 1 The issue presented is whether an uncontested order by the Workers' Compensa-

tion Court appointing an independent medical examiner before the statute of limitations ran tolled the statutory bar found in 85 O.S. Supp.2005 § 43(B).[1] We find that it did.

## FACTS

¶ 2 On June 20, 2000, the respondent, William Leroy Minyard (Claimant), sustained a work-related injury to his neck and left shoulder. On July 12, 2000, the claimant, proceeding *pro se*, filed a Form 2 workers' compensation claim. The petitioners, Key Energy Services Inc. and Highlands Insurance Co. (collectively Employer), did not dispute that the claimant's injury was compensable. On August 4, 2000, the claimant had a cervical fusion and received temporary total disability benefits for six weeks. On January 4, 2001, the claimant was released for work. However, the claimant testified that he continued to have problems with his neck and shoulder after the surgery.

¶ 3 On July 12, 2002, the claimant filed a Form 3 workers' compensation claim, proceeding *pro se*. He later met with an attor-

1. Title 85 O.S. Supp.2005 § 43(B) provides in pertinent part:

   When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder....

2. Testimony of William Leroy Minyard, Transcript of November 22, 2005, Hearing on Motion to Dismiss, p. 7–9 provides in pertinent part:

   ... Q: Did you then come into contact with [Counselor] Mike Sykes upstairs?
   A: Yes, sir.
   Q: And did Mike Sykes begin giving you advice?
   A: He told me what forms I needed to fill and all this.
   Q: And were you aware of any kind of a statute that would dismiss your claim for lack of prosecution after three years?
   A: No, sir.

ney employed by the Workers' Compensation Court. The counselor advised the claimant to file a Form 13 for a prehearing conference on the issue of medical treatment and faxed the form to the claimant, but allegedly he did not inform him about the statute of limitations or any need to filed a Form 9.[2] The claimant filed a Form 13 requesting the appointment of an independent medical examiner on October 12, 2004.

¶ 4 On December 8, 2004, the claimant filed a second Form 13 requesting an independent medical examiner because Dr. Rhinehart, the agreed doctor, died. Approximately six months later, on June 7, 2005, the Workers' Compensation Court appointed Dr. Robert Remondino as an independent medical examiner and set the date for the examination on August 4, 2005. The order of the court provided in pertinent part:

   ... THEREFORE, IT IS HEREBY ORDERED that the claimant appear for medical examination before the designated physician at the date, time and place noted:

| | |
|---|---|
| DR. ROBERT L. REMONDINO | AUGUST 4, 2005 |
| 0208 | 08:30 AM |
| 4120 W. MEMORIAL RD STE 300 | (405) 748-3300 |
| OKLAHOMA CITY, OK | |
| 73120.... [3] | |

Q: Mr. Sykes told you about some forms; did he tell you about a prehearing conference form?
A: I really don't know what that is.
Q: A Form 13, request for prehearing?
A: Well, he did say something once that we didn't need to file that form until we was ready to make a settlement on the claim.
Q: And what did you do?
A: Well, I filed, what was it, a Form 9 or something ...
Q: I'm going to hand you a form ... You've signed that document; is that correct?
A: Yes, sir.
Q: It indicates that you're asking for a court-appointed medical examiner.
A: Yes, sir.
Q: How did you come about or learn about this form?
A: Talking to the, Mr. Sykes up here.
Q: Is he the one that recommended that you get this form and fill it out?
A: Yes, sir.
Q: And when you said a Form 9; this is a Form 13; was it actually a Form 13 or do you remember?
A: I'm sure it was a Form—it was that one right there because I signed it.
Q: I know, but where did you get this form?
A: It was from—if I'm not mistaken he actually faxed me some of those at work....

3. Order for Medical Examination, June 7, 2005, Record p. 17.

Dr. Remondino examined the claimant on that date. Dr. Remondino's report provided: "It is my opinion that [the claimant] is in need of further treatment and [I] would recommend an MRI of the cervical spine to reevaluate the operative site." [4]

¶5 On September 5, 2005, the employer moved to dismiss for lack of prosecution. On September 7, 2005, the claimant filed a Form 13 requesting the Workers' Compensation Court approve an MRI as requested by Dr. Remondino, and at some point in October of 2005, the claimant retained an attorney to represent him in his claim against the employer.

¶6 On October 12, 2005, the claimant was examined by independent medical examiner Dr. John Ellis, who found that he had a serious, severe injury to the spinal cord and was at great risk. On October 26, 2005, the claimant filed a Form 9 motion to set for trial which also requested authorization for continued medical treatment and EMG and MRI testing. On October 28, 2005, the claimant filed an amended Form 3 motion to add injuries to the left shoulder and back, and filed an amended Form 9 requesting authorization for additional EMG and MRI testing on January 5, 2006.

¶7 On December 27, 2005, the Workers' Compensation Court entered an order: 1) finding that the claimant had suffered a compensable injury; and 2) denying the employer's motion to dismiss for lack of prosecution. The employer appealed the order on January 23, 2006. On February 27, 2006, we dismissed the appeal, No. 102,994, for lack of a reviewable order because it neither made nor denied an award of compensation, nor did it constitute the final determination of all issues between the parties.[5]

¶8 On April 5, 2006, the claimant filed an amended Form 9 requesting continuing EMG and MRI testing with Dr. Remondino, and on August 3, 2006, the Workers' Compensation Court entered an order authorizing medical testing for the claimant and reiterating its denial of the employer's motion to dismiss. On August 28, 2006, the employer filed its petition for review of the second order, and on February 2, 2007, we assigned the cause to the Court of Civil Appeals. On April 27, 2007, the Court of Civil Appeals vacated the order of the Workers' Compensation Court, finding that the claimant did not bring his claim within the statute of limitations and did not demonstrate any circumstances establishing that the limitations period should not apply. On June 19, 2007, the claimant filed his petition for certiorari. We granted certiorari on October 22, 2007.

¶9 **BECAUSE THE WORKERS' COMPENSATION COURT ORDERED AN INDEPENDENT MEDICAL EXAMINATION WITHIN THE STATUTORY PERIOD, THE PERIOD WAS TOLLED.**

¶10 Rule 19(A) of the Rules of the Workers' Compensation Court provides that a party may request a trial on any issue by filing a Form 9, and when filing a Form 9, the party must attach a medical report.[6] The medical report may be prepared by the treating physician selected by the employer,[7] and if so, there is a rebuttable presumption in favor of

4. Medical Report of Robert L. Remondino, M.D., August 4, 2005, Record p. 78.

5. No. 102,994 *Key Energy Servs., Inc. & Highland Ins. Co. v. William Leroy Minyard & the Workers' Compensation Court*, February 27, 2006, Order, Record, p. 102.

6. Rule 19(A), Rules of the Workers' Compensation Court, 85 O.S. Supp.2006 Ch. 4, App., provides in pertinent part:

   Any party may request a trial on any issue by filing a Form 9. When a Form 9 is filed on the issues of permanent partial disability (PPD) or permanent total disability (PTD), the claimant shall deliver a verified or declared medical report to opposing counsel. The name of the

physician and the date of the report shall be noted on the Form 9. . . .

7. Title 85 O.S. Supp.2005 § 14(A)(1) provides:

   The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury. The treating physician shall supply the injured employee and the employer with a full examining report of injuries found at the time of examination and proposed treatment, this report to be supplied within seven (7) days after the examination; also, at the conclusion of the treatment the treating physician shall supply a full report of the treatment to the employer of the injured employee.

the treating physician's opinion.[8] The medical report may also be prepared by an independent medical examiner agreed upon by the parties or appointed by the court.[9]

¶ 11 Title 85 O.S. Supp.2005 § 43(B) delineates a statute of limitations for workers' compensation claims. It provides in pertinent part:

When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder....

A claim will be barred by § 43(B) when an injured worker does not, within the limitations period, file in good faith a Form 9 request for a hearing and final determination of his or her claim, unless a claimant falls within an express exception contained in the enactment, or shows acts which operate to toll or arrest the statutory bar.[10]

¶ 12 "Tolling" is a term of art which refers to the temporary suspension of the statutory time bar for bringing a suit because of either: 1) some "disability" on the part of the plaintiff which prevents that person from commencing the action; or 2) some activity on the part of the defendant forestalling prosecution of the claim against the defendant.[11] Tolling of the time bar in § 43 has been allowed where the employer's actions demonstrate a "conscious recognition of liability" for the injury sustained by: 1) the provision of medical treatment; 2) payment for medical treatment; and 3) other acts in conscious recognition of liability.[12] The trial judge has the authority to determine whether circumstances operate to toll the time bar,[13] and we review its determination de novo.[14]

---

8. Title 85 O.S. Supp.2005 § 17(A)(2)(a-b) provides in pertinent part:

a. There shall be a rebuttable presumption in favor of the treating physician's opinions on the issue of temporary disability, permanent disability, causation, apportionment, rehabilitation or necessity of medical treatment. Any determination of the existence or extent of physical impairment shall be supported by objective medical evidence, as defined in Section 3 of this title.
b. The Independent Medical Examiner shall be allowed to examine the claimant, receive any medical reports submitted by the parties and review all medical records of the claimant. If the Independent Medical Examiner determines that the opinion of the treating physician is supported by the objective medical evidence, the Independent Medical Examiner shall advise the Court of the same. If the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence, the Independent Medical Examiner shall advise the Court of the same and shall provide the Court with his or her own opinion. In cases in which an independent medical examiner is appointed, the Court shall not consider the opinion of the Independent Medical Examiner unless the Independent Medical Examiner determines that the opinion of the treating physician is not supported by objective medical evidence....

*See also Conaghan v. Riverfield Country Day School,* 2007 OK 60, 163 P.3d 557.

9. Rule 43(B)(1), Rules of the Workers' Compensation Court, 85 O.S. Supp.2006 Ch. 4, App., provides in pertinent part:

The Court ... shall randomly appoint an independent medical examiner, as provided in 85 O.S., Section 17(A)(2), if the parties are unable to agree on the selection of an independent medical examiner following receipt of a timely notice of objection to the treating physician's report. The Court shall make the appointment within fifteen (15) days of a party's request for the appointment of an independent medical examiner. The examiner shall issue a verified written report addressing the issues....

10. *Ellington v. Horwitz Enter.,* 2003 OK 37, ¶ 9, 68 P.3d 983; *White v. Weyerhaeuser,* 1990 OK 98, ¶ 7, 798 P.2d 623; *Beatty v. Scott,* 1961 OK 140, ¶ 6, 362 P.2d 699.

11. *Thompson v. Anchor Glass Container Corp.,* 2003 OK 39, ¶ 10 fn. 13, 73 P.3d 836.

12. *Thompson v. Anchor Glass Container Corp.,* see note 11, supra at ¶ 10 fn. 16.

13. *Thompson v. Anchor Glass Container Corp.,* see note 11, supra at ¶ 14.

14. *Sneed v. McDonnell Douglas,* 1999 OK 84, ¶ 9, 991 P.2d 1001; *In re. Death of Hendricks,* 1991 OK 52, ¶ 8, 812 P.2d 1361; *Smedley v. State Industrial Court,* 1977 OK 55, ¶ 3, 562 P.2d 847.

¶ 13 In *Smedley v. State Indus. Court,* 1977 OK 55, ¶ 12, 562 P.2d 847, construing an earlier version of 85 O.S. 43,[15] the Court found that:

> ... [A]fter the limitation period ... has run, and in the absence of evidence clearly showing a contrary intent, the furnishing of medical treatment is a conscious recognition of liability ... and tolls or waives the limitation period ... with the limitation period beginning to run from the last date of such a furnishing....

The *Smedley* Court also held that a medical examination procured by an employer or insurer will not toll the statutory period.[16]

■ ¶ 14 The claimant could not file a Form 9 without attaching a medical report, and he could not obtain a medical report until he had a medical examination. He could only avoid the presumption favoring the opinion of a medical examiner selected by the employer by obtaining court approval of an independent medical examiner. On October 12, 2004, the claimant filed a Form 13 requesting the appointment of an independent medical examiner. The doctor on which the employer and claimant agreed died before he could examine the claimant. Consequently, the claimant was forced to again request the appointment of an independent medical examiner on December 8, 2004. However, the Workers' Compensation Court failed to rule on this motion until June 7, 2005, about a month before the statute of limitations was to run on July 12, 2005. The trial judge ordered that the claimant submit to a medical examination by independent medical examiner Dr. Robert Remondino and that the employer pay for the doctor's services. The employer did not object to this order. However, the Workers' Compensation Court ordered the medical examination to take place on August 4, 2005, about a month after the statute of limitations would run. Therefore, by judicial delay and by judicial fiat, the claimant was prevented from filing a Form 9 within the statutory period.

¶ 15 As a result of the August 4, 2005 examination, the doctor recommended that the claimant receive treatment, and the employer paid for the exam. *This was not a medical examination procured by the employer, but an uncontested order by the court.* We find that such circumstances amount to a conscious recognition of liability by the employer in the form of payment for medical treatment, and toll the statutory time limit.

## CONCLUSION

¶ 16 Here, the claimant found himself in difficult straits. It was undisputed that he had been injured at work, but despite surgical treatment, he continued to suffer from that injury. He attempted to exercise his rights in good faith within the Workers' Compensation system. He was required to request a trial, but could not do so without a medical report. Therefore, he followed the counselor's advice to seek the appointment of an independent medical examiner. He obtained an appointment, but was sent back to square one when the doctor died. Once again, he again sought and obtained the appointment of an independent medical examiner. Upon examining him, the doctor diagnosed him with a serious spinal injury that placed him at great risk.

¶ 17 The statute of limitations ran between the time he obtained an independent medical examiner and his court-selected and court ordered appointment with the medical examiner. The trial court, being closest to the proceedings and most aware of the claimant's circumstances, found that there were adequate reasons to toll the limitations period. Even on appeal, the employer has not disputed the claimant's injury or his entitlement to medical treatment or benefits. The employer has simply argued that the statute of limitations prevents the claimant from obtaining any relief.

---

**15.** The *Smedley* Court reviewed the then one year statute of limitations found in § 43(A) for initially bringing a workers' compensation claim. However, the analysis on whether an employer's conduct tolls a statute of limitations is applicable to § 43(B) as well.

**16.** *Smedley v. State Industrial Court,* see note 14, supra at ¶ 12.

¶ 18 In the case of *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), the United States Supreme Court said:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.... This policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights.

This is not a frivolous claim brought by a party who slept on his rights, and this action was no surprise to the employer. This is a legitimate claim brought by a claimant who, in good faith, actively pursued resolution but was thwarted from vindicating his rights by: 1) the death of the first independent medical examiner and; 2) the uncontested order by the court, made before the statutory period had run, that the claimant receive medical treatment from an independent medical examiner paid for by the employer. We, therefore, affirm the order of the Workers' Compensation Court authorizing medical treatment for the claimant and vacate the opinion of the Court of Civil Appeals.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

ALL JUSTICES CONCUR.