2011 OK CIV APP 109

**TYSON FOODS, INC., OWN RISK # 12220, Petitioner,**

v.

**Danny Ray WATSON and The Workers' Compensation Court, Respondents.**

**No. 108,896.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 29, 2011.

Michael Mancillas, Mancillas Law Office, Oklahoma City, Oklahoma, for Petitioner.

Brandon J. Burton, T.R. Banks, Burton & Associates, PC, Oklahoma City, Oklahoma, for Respondents.

JANE P. WISEMAN, Judge.

¶ 1 Tyson Foods, Inc., Own Risk # 12220 (Employer) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming an order of the trial court denying Employer's statute of limitations defense and awarding disability benefits to Danny Ray Watson (Claimant). After review of the record and applicable law, we vacate the order of the three-judge panel and remand for dismissal.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Claimant filed a Form 3 on July 11, 2006, alleging a single-incident work-related injury to his left knee on July 23, 2004. At a hearing on May 2, 2007, the trial court ruled that there was an intervening injury for which treatment was sought on June 30, 2006, and denied temporary total disability and treatment, including surgery, after June 30, 2006, for the injury. The court reserved the issue of prior periods of temporary total disability for a later hearing. Claimant filed settlement conference requests on June 9, 2008, and November 23, 2009. On December 22, 2009, the trial court issued a miscellaneous order denying Employer's "§ 43B motion". Claimant filed another settlement conference request on February 25, 2010, followed by the filing on May 10, 2010, of a Form 9 motion to set for trial.

¶ 3 On August 5, 2010, the trial court found Claimant "sustained 3 percent permanent partial disability to the LEFT LEG (over and above pre-existing 10%), for which claimant is entitled to compensation for 8.25 weeks at $250.33 per week, or the total amount of $2,065.22 of which 8.25 weeks have accrued and shall be paid in a lump sum of $2,065.22." The trial court also denied Employer's

" § 43(b) defense." Employer sought review of the award, asserting error in the denial of his limitations defense, but a three-judge panel affirmed in an order entered on October 20, 2010.

¶ 4 Employer seeks review.

## STANDARD OF REVIEW

¶ 5 The issue presented, whether the Workers' Compensation Court correctly applied 85 O.S. Supp.2010 § 43(B) to these undisputed facts, is a question of law. *Arvinmeritor, Inc. v. Redd,* 2008 OK 72, ¶ 6, 192 P.3d 1261, 1262. Appellate review of questions of law is *de novo. K–Mart Corp. v. Herring,* 2008 OK 75, ¶ 2, 188 P.3d 140, 143.

## ANALYSIS

■ ¶ 6 Employer asserts Claimant did not take positive action within the statutory three-year limitation period to achieve a final determination of his case. Claimant contends that the statute of limitations was tolled by a December 22, 2009, miscellaneous order entered by the trial court. Title 85 O.S. Supp.2010 § 43(B) sets out the statute of limitations for prosecuting a claim for compensation:

> When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudi-

cation of the right to claim compensation thereunder.[1]

■■ ¶ 7 Reservation of judgment as to a portion of disability does not permanently toll the statute of limitations for a workers' compensation claim. *Ruzika v. Rent City of Altus,* 1997 OK CIV APP 17, ¶ 9, 939 P.2d 23, 25. Additionally, repeated filings of forms not intended to request a final hearing and determination are not sufficient to toll the statute of limitations. *See generally Ellington v. Horwitz Enters.,* 2003 OK 37, 68 P.3d 983. In *Ellington,* based on the rationale that allowing such a result would thwart the legislative purpose of limiting the period of employers' potential liability, the Supreme Court cited *Matter of Death of Hendricks,* 1991 OK 52, ¶ 12, 812 P.2d 1361, 1364, which held that "the bar of the statute is demonstrated when any five-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination."[2]

¶ 8 On May 2, 2007, the trial court entered an order denying temporary total disability benefits as to treatment, including surgery, received after June 30, 2006, the date of the second injury. However, the trial court reserved for a later date any adjudication regarding the period before this second injury. The trial court later issued an order on December 22, 2009, denying Employer's request to dismiss the case pursuant to § 43(B), a ruling Employer concedes "may have been correct" because December 22, 2009, was within three years of the May 2, 2007, order.

■ ¶ 9 Nevertheless, a claimant must take positive action in good faith to achieve a final determination of his or her case within a three-year period[3] as required by both statutory and case law. 85 O.S. Supp.2010

---

1. Although we apply the statute as it existed at the time of the Claimant's injury, *Amos v. Spiro Public Schools,* 2004 OK 4, ¶ 8, 85 P.3d 813, 816, this section of the statute has not changed since 1997.

2. The version of § 43(B) in effect at the time of the *Hendricks* decision provided for a five-year statute of limitations. *Ellington* applied the three-year period in the 1997 amendment to § 43(B). *Ellington,* 2003 OK 37, ¶ 8, 68 P.3d at 985.

3. Resolution of this case turns on Claimant's good faith effort to reach final determination of his claim after the May 2, 2007, order denying in part Claimant's request for compensation; it is uncontested that there was no payment of compensation or for medical treatment to Claimant for the July 23, 2004, injury that would toll the limitation period.

§ 43(B); *Ruzika v. Rent City of Altus,* 1997 OK CIV APP 17, ¶ 9, 939 P.2d 23, 25. Form 13 requests for pre-hearing settlement conferences do not constitute requests for a final determination. *Hennesy v. C.R. Anthony,* 2003 OK CIV APP 26, ¶ 5, 65 P.3d 292, 294. Claimant has cited no authority on point to the contrary.

¶ 10 For much the same reason, the December 22, 2009, miscellaneous order does not constitute active pursuit by Claimant of a final determination and therefore does not toll the limitation period. According to Claimant's brief, this December 2009 miscellaneous order resulted from a settlement conference held by the court during which Employer urged a motion to dismiss pursuant to § 43(B). The December 2009 order merely denies that motion to dismiss, and the record does not reflect that it resulted from any effort on Claimant's part to have a final adjudication on the merits of his claim. Claimant's only effort "to request a hearing and final determination" as required by § 43(B) after the May 2, 2007, order was the Form 9 motion to set for trial filed on May 10, 2010, more than three years after the May 2, 2007, order that all parties agree tolled the three-year statute of limitations.

¶ 11 We are not persuaded that the holding in *Key Energy Services, Inc. v. Minyard,* 2007 OK 99, 173 P.3d 1198, is applicable as urged by Claimant. In *Key Energy Services,* the Supreme Court found that an uncontested order of the Workers' Compensation Court appointing an independent medical examiner before the statute of limitations ran tolled the statutory bar set forth in § 43(B).

¶ 12 The claimant in *Key Energy Services* could not file a Form 9 requesting final determination of the case without attaching a medical report, and he could not attach a medical report without a medical examination. *Id.* at ¶ 14, 173 P.3d at 1202. Although the claimant requested the appointment of an independent medical examiner, the trial court failed for nearly 8 months, until about a month before the statute of limitations was to run, to appoint a replacement for the first agreed-upon doctor, who died before he could examine the claimant and submit a report. *Id.* The Supreme Court held that as a result of the examination which took place a month after the statute had run, on a date set by the court's order, the examining doctor recommended treatment and the employer paid for the exam. *Id.* at ¶ 15, 173 P.3d at 1202. "This was not a medical examination procured by the employer, but an uncontested order by the court. We find that such circumstances amount to a conscious recognition of liability by the employer in the form of payment for medical treatment, and toll the statutory time limit." *Id.* (emphasis omitted). *Key Energy Services* is clearly distinguishable from the present case, on both its facts[4] and the legal basis for the holding.

¶ 13 Our decision today observes the legislative intent behind 85 O.S. Supp.2010 § 43(B). Because the Form 9 was not filed until May 10, 2010, we conclude that the three-judge panel incorrectly affirmed the trial court's August 5, 2010, order denying Employer's motion to dismiss pursuant to § 43(B).

## CONCLUSION

¶ 14 Claimant's action was barred by the limitations provision of 85 O.S. Supp.2010 § 43(B). The three-judge panel incorrectly affirmed the trial court's ruling, and we vacate the panel's decision and remand with directions to dismiss pursuant to § 43(B).

¶ 15 **VACATED AND REMANDED.**

FISCHER, V.C.J., and BARNES, P.J., concur.

---

4.  See fn. 3, *supra.*