2013 OK 1

**HILLCREST MEDICAL CENTER,**
Petitioner,

v.

**Patsy Jeann POWELL, Walmart, and The Workers' Compensation Court, Respondents.**

No. 110,116.

Supreme Court of Oklahoma.

Jan. 15, 2013.

Richard Blanchard, Antonio L. Jeffrey, Tulsa, OK, for Petitioner.

Donald Smolen, Tulsa, OK, for Respondents.

GURICH, J.

### Facts & Procedural History

¶1 Claimant filed a claim for workers' compensation benefits on March 28, 2011, alleging a cumulative trauma injury to her neck, both shoulders, both arms, and both hands, while working at Hillcrest Medical Center for 34 years. She alleged the date of last exposure was December 18, 2010, and date of first awareness was approximately two weeks before that. Claimant reported her injury to Hillcrest and was provided medical treatment. Hillcrest initially admitted injuries to Claimant's right hand and right arm but denied injury to the other body parts.

¶2 During discovery, Hillcrest learned that Claimant worked part-time for Wal–Mart Stores, Inc., for a period of five years while she simultaneously worked for Hillcrest. Hillcrest filed a Motion to Join Wal–Mart as a Party, which the trial court granted.

¶3 In October of 2011, the claim proceeded to trial against both Hillcrest and Wal–Mart. At trial, Hillcrest stipulated to an injury to Claimant's right arm and right hand but denied liability and asserted that Claimant's last injurious exposure was at Wal–Mart,

relying on 85 O.S.2010 § 11(B)(5).[1] Hillcrest also denied injury to the other body parts. Wal–Mart stipulated that Claimant continued to work at Wal–Mart as of the date of trial but denied all liability. Neither party requested an independent medical examination at trial.

¶ 4 After trial, without notice to the parties and without addressing compensability, the court issued an Order for Medical Examination, appointing an IME to examine claimant's right and left shoulders. The order did not include a reference to Wal–Mart and required Hillcrest to pay for the IME and to reimburse Claimant for necessary trip expenses for the examination.

██ ¶ 5 Hillcrest appealed that order, filing its Petition for Review on November 21, 2011. We issued an order asking Hillcrest to show cause why the review proceeding should not be dismissed for lack of an appealable order. Hillcrest timely filed its re-sponse to our show cause order. Upon consideration of Hillcrest's response to our show cause order, we allowed the appeal to proceed and retained the case on January 17, 2012.[2]

### Standard of Review

██ ¶ 6 At issue in this case is whether the law in effect at the time of the injury applies or whether the 2011 law applies. Such is a question of law subject to de novo review. The de novo standard of review affords this Court with plenary, independent, and non-deferential authority to examine the issues presented. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1123.

### Analysis

██ ¶ 7 At the time of Claimant's alleged injuries, the authority of the Workers' Compensation Court to appoint an IME was limited to certain circumstances.[3] Title 85 O.S.

1. 85 O.S.2010 § 11(B)(5) provides:
   Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier. If there is no employer in whose employment the employee was injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last injuriously exposed to the trauma and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall be liable therefor, with right to contribution from any prior employer or insurance carrier.

2. An order appointing an IME without a prior determination by the trial court that the injury is compensable is ordinarily not an appealable order because it neither makes an award nor constitutes a final determination of the issues between the parties. *Hillcrest Medical Ctr. v. Triplett,* 2012 OK 40, ¶ 1, 286 P.3d 637. So long as an employer objects to the court's appointment of an IME in such a situation, the employer preserves its objection to the appointment and has the opportunity to seek review of the appointment at a later review proceeding. *Triplett,* 2012 OK 40 ¶ 2, 286 P.3d at 637.
   The trial court, in the present appeal and in *Triplett,* appointed an IME before determining compensability. *Id.* The Petitioner, in this case, petitioned this Court for review of the issue of whether the trial court committed error when it applied the new law instead of the law in effect at the time of injury. No such point of error was made in *Triplett.*
   This Court has previously allowed an appeal involving a similar issue to proceed. *See Pro-source v. Rhea,* 1997 OK CIV APP 26, 941 P.2d 542. In *Prosource,* a conflict existed between the statute in effect on the date of the injury and a Workers' Compensation Court rule. The statute in effect on the date of injury required the trial court to make a jurisdictional determination in advance of requiring the employer to pay for an IME. The Workers' Compensation Court rule allowed the trial court to appoint an IME at any time. *Id.* The present appeal addresses a similar issue, namely, whether the law in effect at the time of the injury controls, which allowed the trial court to appoint an IME only in specified circumstances, or whether the 2011 law applies, which allows the trial court to appoint an IME at any time.

3. Prior to August 26, 2011, a court-appointed IME was available to the trial court only: (A) to determine if the treating physician's opinion was supported by objective medical evidence, 85 O.S. Supp.2005 § 17(A)(2); (B) to determine if additional medical treatment was necessary after the treating physician released the claimant on all body parts injured, 85 O.S. Supp.2005 § 17(D)(10); or (C) if an employee requested additional treatment outside the treatment guidelines established by the Physician's Advisory Committee and the employer did not approve the additional treatment, 85 O.S. Supp.2005

§ 329(B) was enacted in 2011 and repealed prior statutory law regarding the appointment of an IME. The Workers' Compensation Code now provides: "The Court, *at any time,* regardless of the date of injury, may appoint an independent medical examiner to assist in determining any issue before the Court." 85 O.S.2011 § 329(B) (emphasis added).

¶ 8 Statutes may apply retroactively *when the Legislature has made its intent to do so clear. CNA Ins. Co. v. Ellis,* 2006 OK 81, ¶ 13, 148 P.3d 874, 877.[4] When a statute directs that it be applied retroactively, we can only disregard that statutory directive and apply the law prospectively if the law affects the *substantive* rights of the parties. Here, there is no doubt the Legislature intended this statute to apply retroactively: "The Court, at any time, *regardless of the date of injury,* may appoint an independent medical examiner to assist in determining any issue before the Court." 85 O.S.2011 § 329(B) (emphasis added). Because the language of the 2011 statute makes clear that the court can appoint an IME at any time regardless of the date of injury, the only question before this Court is whether the statute affects the substantive rights of the parties. That is, does the statute increase or diminish the amount of recoverable compensation or alter the elements of the claim or defense by imposition of new conditions? *Cole v. Silverado Foods, Inc.,* 2003 OK 81, ¶ 15, 78 P.3d 542, 548. If the answer to that question is yes, then our case law mandates prospective application of the law regardless of the statutory language. *Ellis,* 2006 OK

81, ¶ 13, 148 P.3d at 877 (citing *Cole,* 2003 OK 81, ¶ 8, 78 P.3d at 546).

¶ 9 In *Ellis,* 2006 OK 81, ¶ 1, 148 P.3d at 875, the 2001 amendment at issue imposed liability on the last of successive employers to expose a claimant to cumulative trauma. *Id.* ¶ 7, 148 P.3d at 876. Before the 2001 amendment, the law allowed apportionment of liability between successive insurers in cumulative trauma cases. *Id.* In that case we held that the right to compensation *and the obligation to pay such benefits* became vested and fixed by law *at the time of the claimant's injury and such rights could not be affected by after-enacted legislation. Id.* ¶ 14, 148 P.3d at 877.

¶ 10 Like in *Ellis,* the language in § 329 substantively alters the rights of the parties because *it requires employers to pay for medical services in circumstances not previously recognized,* namely, before compensability has been determined. 85 O.S.2011 § 329(B) only applies to injuries occurring on or after August 26, 2011, the statute's effective date, even though the statutory language directs otherwise. *See Williams Co. v. Dunkelgod,* 2012 OK 96, ¶ 18, 295 P.3d 1107, 2012 WL 5870672 (determining that the Legislature's use of the language "regardless of the date of injury" is meaningless if such language *substantively* alters the rights of one or both parties).

### Conclusion

¶ 11 We hold that 85 O.S.2011 § 329(B) only applies to injuries occurring on or after August 26, 2011, when the statute went into

§ 201.1(B)(5). *See also* Workers' Compensation Court Rule 43(B)(1–3) (effective February 7, 2008—March 6, 2012).

Claimant's reliance on *Components Manufacturing Co. v. Fugate,* 2002 OK CIV APP 34, 44 P.3d 575, as controlling authority is misplaced. That opinion is based upon statutes and court rules that were amended or deleted prior to 2010. Rule 18A was deleted on February 5, 2002; Rule 43, in effect in 2010, was amended in 2008; and 85 O.S. § 17(D)(3) was amended in 2005. Claimant concedes that 85 O.S 2011 § 329(B) only applies to cases filed after August 26, 2011. Respondent's Brief in Chief at 3. But Claimant suggests that 85 O.S.1978 § 27.1 gave the court the authority to appoint an IME. However § 27.1 deals with cumulative testimony and

makes no reference to a court-appointed IME. The Legislature directed the Workers' Compensation Court to develop and implement an IME system no later than July 1, 1995. A court-appointed IME is a term of art governed by other specific statutes. *See, e.g.,* 85 O.S. § 17 (repealed August 26, 2011).

4. Amendments relating solely to remedies and affecting only modes of procedure "are generally held to operate retroactively and apply to pending proceedings." *Scruggs v. Edwards,* 2007 OK 6, ¶ 8, 154 P.3d 1257, 1261. Any doubts about whether the Legislature intended for an amendment to apply prospectively or retroactively must be resolved against retroactive effect. *Ellis,* 2006 OK 81, ¶ 13, 148 P.3d at 877.

effect. The Workers' Compensation Court's order appointing Dr. Jabbour as an IME in this case is vacated. The case is remanded to the trial court for a determination of compensability of Claimant's alleged injuries.

**WORKERS' COMPENSATION COURT'S ORDER VACATED; MATTER REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH TODAY'S PRONOUNCEMENT.**

¶ 12 ALL JUSTICES CONCUR.