OSCN Found Document:MCCLISH v. WOODARTS INC.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 MCCLISH v. WOODARTS INC.
2014 OK CIV APP 41
Case Number: 111287
Decided: 10/25/2013
Mandate Issued: 04/29/2014
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2014 OK CIV APP 41, __ P.3d __

JONELL MCCLISH, Petitioner,
v.
WOODARTS INC. &/or TTC ILLINOIS, INC., CNA INSURANCE GROUP &/or CONTINENTAL CASUALTY CO., and THE WORKERS' COMPENSATION COURT, Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF
THE WORKERS' COMPENSATION COURT

HONORABLE ERIC W. QUANDT, TRIAL JUDGE

VACATED AND REMANDED FOR FURTHER PROCEEDINGS

Pamla K. Cornett, Robert A. Flynn, FLYNN LAW FIRM PLLC, Tulsa, Oklahoma, for Petitioner
Jeffrey D. Nachimson, PIERCE COUCH HENRICKSON BAYSINGER & GREEN, L.L.P., Oklahoma City, Oklahoma, for Respondents Woodarts Inc. &/or TTC Illinois, Inc., CNA Insurance Group &/or Continental Casualty Co.

DEBORAH B. BARNES, VICE-CHIEF JUDGE:

¶1 Petitioner Jonell McClish (Claimant) seeks review of an Order of a three-judge panel of the Workers' Compensation Court vacating the decision of the trial court. The trial court denied the motion of Woodarts Inc. &/or TTC Illinois, Inc. and CNA Insurance Group &/or Continental Casualty Co. (collectively, Employer) to dismiss Claimant's compensation claim for failure to timely prosecute and found, instead, that Claimant made a good faith effort to receive a hearing in the time prescribed by 85 O.S. Supp. 1997 § 43(B). In lieu of the trial court's order, the three-judge panel sustained Employer's motion to dismiss for failure to timely prosecute. After review of the record and applicable law, we vacate and remand for further proceedings.

BACKGROUND

¶2 The alleged injury in this case occurred more than twelve years ago. In September 2001, Claimant filed a Form 3 alleging she sustained compensable injuries to various body parts in July 2001 as a result of "moving cabinet repeat[ed]ly from table to floor" while employed as a carpenter by "Woodarts Inc./TTC of Ill., Inc." In its Form 10, Employer denied Claimant had a compensation insurance policy with CNA Insurance Group &/or Continental Casualty Co.

¶3 In July 2002, Claimant filed a Form 9 motion to set payment for medical services for trial, and in October 2002, Claimant filed a Form 9 motion to set the issue of insurance coverage for trial. In February 2003, Claimant again filed a Form 9 motion to set payment for medical services for trial.

¶4 In January 2004, Claimant filed a Form 13 request for prehearing conference and a Form 9 motion to set for trial, specifically listing the following in both forms: "Set for Trial; TTD; Medical; authorization for another surgery."[1]

¶5 In June 2004, Claimant filed an amended Form 3 alleging that in addition to the injury sustained in July 2001, she subsequently injured her neck, shoulders, and back in October 2001 while "at hospital after back surgery due to nurse letting her fall."[2]

¶6 In September 2004, Claimant filed a Form 9 motion to set for trial and listed a medical report to be introduced as an exhibit. She also filed a Form 9 in October 2004 setting forth the issue of permanent total disability for trial.

¶7 In January 2005, Claimant filed a motion requesting that Employer produce a copy of the insurance policy that covered him during his employment, and in an order filed in March 2005, the trial court directed "Continental Casualty Company (CNA) . . . to produce for inspection and copying by [Claimant] a copy of the insurance policy involved herein, if on[e] exists."[3] A trial date was set for July 11, 2005; however, in July 2005 Claimant filed a motion to continue "due to no answer from the Insurance Commissioners."[4] Motions regarding the issue of insurance coverage continued to be filed and, in March 2007, Claimant filed a Form 9 motion to set for trial and named an insurance expert to be called at trial as a witness. In July 2008, Claimant again filed a Form 9 motion to set for trial.

¶8 In an "Order of Referral to Mediation" filed in November 2008, the trial court appointed a mediator at the request of the parties, with the date of the mediation to be established by agreement of the parties. However, mediation failed and, in June 2009, Claimant filed a Form 9 motion to set for trial. Nevertheless, in March 2010, Claimant filed a request for a second attempt at mediation.

¶9 In May 2010, Employer filed a Form 10 adding the affirmative defense of "Statute of Limitations - Section 43B," and, in October 2010, Employer filed a motion to dismiss.

¶10 In a second "Order of Referral to Mediation" filed in January 2011, the trial court appointed a mediator at the request of the parties, with the date of the mediation to be established by agreement of the parties. Mediation again failed, and, in May 2011, Claimant filed a Form 9 motion to set for trial on the issues of permanent partial disability, permanent total disability, and continuing medical maintenance. Claimant again filed a Form 9 motion in July 2011.

¶11 In the trial court's order filed on August 19, 2011, it found that "[Employer's] motion to dismiss for failure to timely prosecute pursuant to 85 O.S. § 43(B) is overruled," and found, instead, that Claimant "made a good faith effort to receive a hearing in the time prescribed by § 43B." Employer appealed to a three-judge panel, asserting in its Request for Review that, inter alia, "[t]here were at least two (2) periods of three (3) years each in which [C]laimant did not seek a good faith request for a hearing and final determination."[5] Employer asserted the first period was from September 2001 to October 2004, and the second period was from December 2004 to May 2011.

¶12 In its Order filed on November 7, 2012, the three-judge panel, with one judge dissenting, found the trial court's order to be "contrary to law AND against the clear weight of the evidence," and vacated the trial court's order. In lieu thereof, the three-judge panel found "[Employer's] motion to dismiss for failure to timely prosecute pursuant to 85 O.S. § 43(B) is SUSTAINED." From this Order, Claimant appeals.

STANDARD OF REVIEW

¶13 This appeal presents issues of law only. We review issues of law de novo, without deference to the lower court's legal rulings. Hillcrest Med. Ctr. v. Powell, 2013 OK 1, ¶ 6, 295 P.3d 13, 15.

ANALYSIS

I. Jurisdiction of the Three-Judge Panel

¶14 Claimant argues the trial court's order was interlocutory because it neither granted nor denied an award of benefits and, therefore, the three-judge panel lacked jurisdiction to review the trial court's order. However, 85 O.S. Supp. 1997 § 3.6(A), the law in effect at the time of the alleged injury,[6] provides, in pertinent part, that after a trial court makes an order, decision or award,

[e]ither party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge to the Workers' Compensation Court sitting en banc. Such appeal shall be allowed as a matter of right to either party upon filing with the Administrator a notice of such appeal. . . . The Court en banc may reverse or modify the decision only if it determines that such decision was against the clear weight of the evidence or contrary to law. Upon completion of the appeal, the members of the Court sitting en banc shall issue such order, decision or award as is proper, just and equitable. . . . Appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the Judge.

(Emphasis added.)

¶15 Accordingly, three-judge panels of the Workers' Compensation Court are not limited to review of trial court orders granting or denying compensation awards. This is consistent with "the institutional design" of the Workers' Compensation Court, which "was intended not to afford two layers of appellate process . . . but rather to implement a two-tier decisional system within the trial tribunal with but a single appellate remedy in [the Supreme Court]." Parks v. Norman Mun. Hosp., 1984 OK 53, ¶ 8, 684 P.2d 548, 551 (footnote omitted). Pursuant to this design, "[w]hen the order of the trial court is vacated by the three-judge panel," as occurred in this case, "the trial court's order stands replaced with that of the review panel, so that there is never more than one final decision to be reviewed in the appellate courts." McGuire v. N. Glantz & Son, LLC, 2010 OK 74, ¶ 7, 242 P.3d 530, 532 (citing Parks, ¶ 11, 684 P.2d at 551). See also Hermetics Switch, Inc. v. Sales, 1982 OK 12, ¶ 3, 640 P.2d 963, 965 ("[A] case appealed for consideration en banc is not a fit subject for corrective relief in this court until a reviewable order has been rendered."). Consequently, we reject Claimant's argument that the three-judge panel lacked jurisdiction to review the trial court's order denying Employer's motion to dismiss.

II. Request for a Hearing and Final Determination of the Claim

¶16 "Ordinarily, claims for workers' compensation awards must either be granted or denied"; however, "[t]hey stand subject to involuntary dismissal . . . for want of an employee's timely-pressed request for a claim's hearing." Amos v. Spiro Pub. Sch., 2004 OK 4, ¶ 7, 85 P.3d 813, 816 (footnote omitted). The applicable rule in effect at the time of Claimant's alleged injury requiring a timely request of a hearing and final determination is as follows:

When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

Title 85 O.S. Supp. 1997 § 43(B).

¶17 The purpose of § 43(B) is to prevent a party from "sle[eping] on his rights" after a claim has been filed and to ensure that only those claimants prevail who, "in good faith, actively pursue[] resolution" of their claims. Key Energy Servs., Inc. v. Minyard, 2007 OK 99, ¶ 18, 173 P.3d 1198, 1203. "The time restriction in § 43(B) fixes the time period for requesting a hearing on a timely-filed claim. It is a time restriction designed to protect both the employer and the claimant." Multiple Injury Trust Fund v. Wade, 2008 OK 15, ¶ 24, 180 P.3d 1205, 1212 (citations omitted). If a claim is properly dismissed pursuant to § 43(B), "the claimant's loss is final and irretrievable. No other remedy will lie for the recapture of a claim's residue extinguished by the operation of § 43(B)." Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 12, 78 P.3d 542, 548 (emphasis omitted).

¶18 Regarding the precise operation of § 43, the Oklahoma Supreme Court has stated:

A claim will be barred by § 43 when an injured worker does not, within the limitations period, make a good faith request for a hearing and final determination of his or her claim. We have said that the statutory bar did not apply if, within the limitations period, the claimant filed a written motion requesting a hearing and final determination of the claim.

Ellington v. Horwitz Enters., 2003 OK 37, ¶ 9, 68 P.3d 983, 985 (citations and internal quotation marks omitted). Accordingly,

to satisfy § 43 the worker's filing must have content that is designed to request a hearing and final determination of the claim. We have stated[, for example,] that a Form 3 does not satisfy § 43, because that Form was not designed to accomplish a request for a hearing and final determination.

Ellington, ¶ 10, 68 P.3d at 985 (emphasis omitted). See also Tyson Foods, Inc., Own Risk No. 12220 v. Watson, 2011 OK CIV APP 109, ¶ 9, 263 P.3d 332, 335 ("Form 13 requests for pre-hearing settlement conferences do not constitute requests for a final determination.") (citation omitted).

¶19 The Supreme Court has further stated that "the bar of the statute is demonstrated when any [three]-year period passes after filing a claim in which there has not been a good-faith effort to receive a hearing and final determination." Ellington, ¶ 14, 68 P.3d at 986 (quoting Matter of Death of Hendricks, 1991 OK 52, ¶ 12, 812 P.2d 1361, 1364) (original emphasis omitted, emphasis added). The Ellington Court explained, "were we to hold that a claim could be withdrawn from the three-year limitation period forever by the filing of a request for a hearing . . . shortly after the claim was filed, the legislative purpose behind § 43(B) would be completely thwarted." Ellington, ¶ 14, 68 P.3d at 986. See also Tyson Foods, ¶ 7, 263 P.3d at 334 ("[R]epeated filings of forms not intended to request a final hearing and determination are not sufficient . . . .").

¶20 Moreover, the Oklahoma Supreme Court has stated that § 43(B) "is not a statute of repose to be strictly construed despite a claimant's efforts," Wade, ¶ 24, 180 P.3d at 1212 (citation omitted), and a claimant can "show[] acts which operate to toll or arrest the statutory bar" other than the filing of a Form 9 request for a hearing and final determination of his/her claim, Key Energy, ¶ 11, 173 P.3d at 1201. For example, in Key Energy, the Supreme Court stated that the claimant attempted to exercise his rights in good faith, and "actively pursued resolution but was thwarted from vindicating his rights by: 1) the death of the first independent medical examiner and; 2) the uncontested order by the court, made before the statutory period had run, that the claimant receive medical treatment from an independent medical examiner paid for by the employer." Id. ¶ 18, 173 P.3d at 1203. Although the claimant in Key Energy did not file a request for a hearing and final determination of his claim within a three-year period, the Court concluded that the § 43(B) time restriction was tolled by the trial court's order appointing an independent medical examiner within the three-year period because the claimant could not file a Form 9 requesting final determination without attaching a medical report, and he could not attach a medical report without a medical examination. Id. ¶ 14, 173 P.3d at 1202.

¶21 As stated by this Court, although the claimant in Key Energy "requested the appointment of an independent medical examiner, the trial court failed for nearly 8 months, until about a month before the [expiration of the three-year time restriction], to appoint a replacement for the first agreed-upon doctor, who died before he could examine the claimant and submit a report." Tyson Foods, Inc., ¶ 12, 263 P.3d at 335 (citation omitted). In addition, the three-year time restriction can be tolled where the employer's actions demonstrate a "conscious recognition of liability," Key Energy, ¶ 12, 173 P.3d at 1201, or where "some activity on the part of the [employer] forestall[s] prosecution of the claim against the [employer]," id. (footnote omitted). "The trial judge has the authority to determine whether circumstances operate to toll the time bar, and we review its determination de novo." Id. (footnotes omitted).

¶22 Claimant has filed Form 9 "Motions to Set for Trial" throughout these proceedings and at least every three years. She filed Form 9 Motions in July 2002, October 2002, February 2003, January 2004, September 2004, October 2004, March 2007, July 2008, June 2009, and July 2011. In August 2011, the trial court denied Employer's request to dismiss.

¶23 Furthermore, the prosecution of this claim has been forestalled by circumstances outside Claimant's control. Specifically, issues related to the identification of Employer's insurer at the time of Claimant's injury have caused significant delay as is evidenced by, among other things, Employer's denial in its Form 10 that it had a compensation insurance policy with CNA Insurance Group &/or Continental Casualty Co.; the March 2005 order of the trial court directing "Continental Casualty Company (CNA) . . . to produce for inspection and copying by [Claimant] a copy of the insurance policy involved herein, if on[e] exists"; and Claimant's July 2005 motion to continue "due to no answer from the Insurance Commissioners." Among additional filings, Claimant's March 2007 Form 9 listing an insurance expert to be called as a witness at trial reveals these issues remained unresolved up to the trial court's August 2011 order denying the motion to dismiss.

¶24 As stated above, § 43(B) is not "to be strictly construed despite a claimant's efforts," and a claimant can show acts which operate to toll the three-year time restriction other than the filing of a Form 9 request for a hearing and final determination of his/her claim, such as circumstances outside the claimant's control that forestall prosecution of the claim. Here, Claimant consistently filed Form 9 motions throughout these proceedings and circumstances outside Claimant's control have forestalled prosecution of the claim. We conclude no three-year period exists following the filing of Claimant's original Form 3 during which she did not "in good faith request a hearing and final determination . . . ." § 43(B). Therefore, we vacate the Order granting Employer's motion to dismiss Claimant's compensation claim for failure to timely prosecute pursuant § 43(B).

CONCLUSION

¶25 After our review of the record on appeal and the applicable law, we vacate the Order of the three-judge panel granting Employer's motion to dismiss Claimant's compensation claim for failure to timely prosecute pursuant to 85 O.S. Supp. 1997 § 43(B), and remand for further proceedings.

¶26 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

FISCHER, P.J., and WISEMAN, J., concur.

FOOTNOTES

[1] R. at 58, 59.

[2] R. at 62.

[3] R. at 70.

[4] R. at 72.

[5] R. at 111 (internal quotation marks omitted).

[6] The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established. Williams Cos., Inc. v. Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111-12.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2011 OK CIV APP 109, 263 P.3d 332, TYSON FOODS, INC. v. WATSON
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1991 OK 52, 812 P.2d 1361, 62 OBJ 1865, Death of Hendricks, Matter of
Discussed 2003 OK 37, 68 P.3d 983, ELLINGTON v. HORWITZ ENTERPRISES
Discussed 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed 2004 OK 4, 85 P.3d 813, AMOS v. SPIRO PUBLIC SCHOOLS
Discussed 2007 OK 99, 173 P.3d 1198, KEY ENERGY SERVICES, INC. v. MINYARD
Discussed 2008 OK 15, 180 P.3d 1205, MULTIPLE INJURY TRUST FUND v. WADE
Discussed 2010 OK 74, 242 P.3d 530, MCGUIRE v. N. GLANTZ & SON, LLC
Discussed 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed 2013 OK 1, 295 P.3d 13, HILLCREST MEDICAL CENTER v. POWELL
Discussed 1982 OK 12, 640 P.2d 963, Hermetics Switch, Inc. v. Sales
Discussed 1984 OK 53, 684 P.2d 548, Parks v. Norman Mun. Hosp.
Discussed
Title 85. Workers' Compensation Cite
Name
Level 85 O.S. 3.6, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited 85 O.S. 43, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length