WHITE v. 918 CONSTRUCTION
2023 OK CIV APP 2
Case Number: 120459
Decided: 12/16/2022
Mandate Issued: 01/12/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2023 OK CIV APP 2, __ P.3d __

 

DAVID WHITE, Petitioner,
v.
918 CONSTRUCTION, LLC, COMPSOURCE MUTUAL INSURANCE COMPANY and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

REVERSED AND REMANDED

James G. Devinney, Ponca City, Oklahoma, and
Bob Burke, Oklahoma, Oklahoma, for Petitioner,

Travis R. Colt, Connor E. Brittingham, LATHAM, STEELE, LEHMAN, KEELE, RATCLIFF, FREIJE & CARTER, P.C., Tulsa, Oklahoma, for Respondents.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Petitioner, David White (Claimant), seeks review of the Workers' Compensation Commission's (Commission) order affirming an Administrative Law Judge's (ALJ) dismissal of Claimant's claim with prejudice. Relying on 85A O.S. Supp. 2019 §69

¶2 Claimant filed a Form 3 on July 6, 2020, alleging he suffered a work-related injury in February 2020, while working 918 Construction, LLC (Employer). In January 2021, Employer moved to dismiss Claimant's claim pursuant to §69(A)(4), arguing Claimant failed to request a hearing, or seek or receive benefits, within six (6) months of the filing of his Form 3. Section 69(A)(4) states:

4. If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not:

a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or

b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,

then on motion by the employer, the claim shall be dismissed with prejudice.

The ALJ dismissed Claimant's claim with prejudice and the Commission affirmed. Both the ALJ and the Commission addressed and rejected Claimant's arguments that §69(A)(4) was unconstitutional. Claimant now appeals to this Court. Oral argument in this matter was held on November 17, 2022.

¶3 "[T]he law in effect at the time of the injury controls both the award of benefits and the appellate standard of review." Brown v. Claims Mgmt. Res. Inc., 2017 OK 1385A O.S. §1et seq. Title 85A O.S. Supp. 2019 §78

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and
substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

¶4 Although the parties' briefs and oral presentations devoted the majority of their arguments toward the constitutionality of §69(A)(4), we decide this appeal on a simple application of the facts of this case to that statutory provision. As previously set forth, §69(A)(4) states that a claim shall, on an employer's motion, be dismissed with prejudice if a claimant has not, within six (6) months of filing a claim for benefits, either (a) made a good-faith request for a hearing to resolve a dispute or (b) received or sought benefits. This statute contains a clear legislative edict that a workers' compensation claim will not be subjected to dismissal with prejudice if, during the six (6) months following the filing of a claim, the claimant satisfies either subsection (a) or subsection (b) of §69(A)(4). Also clear is that subsection (b) contains two (2) equally effective methods by which a claimant may avoid a dismissal, either by receiving benefits or by seeking benefits during the operative six (6) month time period. In the present case, it is undisputed Claimant did not request a hearing (pursuant to subsection (a)) or receive benefits (pursuant to the first alternative of subsection (b)) within six (6) months after he filed his Form 3. However, we conclude Claimant did "seek benefits," within the meaning of the second alternative of subsection (b), during the critical time frame.

¶5 "The primary goal of statutory construction is to ascertain and to apply the intent of the Legislature that enacted the statute." McIntosh v. Watkins, 2019 OK 6441 P.3d 1094

When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. Because the legislature expresses its purpose by words, the plain meaning of a statute is deemed to express legislative authorial intent in the absence of any ambiguous or conflicting language.

Kohler v. Chambers, 2019 OK 2435 P.3d 109

¶6 In McClish v. Woodarts Inc., 2014 OK CIV APP 41324 P.3d 409Id. at ¶17, quoting Key Energy Servs., Inc. v. Minyard, 2007 OK 99173 P.3d 1198McClish: to prevent a party from sleeping on their rights after a claim has been filed and to ensure that only those claimants prevail who, in good faith, actively pursue resolution of their claims.

¶7 The word "seek" is not defined in the AWCA. Webster's variously defines "seek" as "[t]o try to obtain or reach," "[t]o ask for: REQUEST," and "[t]o try: endeavor." WEBSTER'S II NEW COLLEGE DICTIONARY 1023 (3d ed. 2005). Applying the plain and ordinary meaning to the term "seek benefits" as set forth in §69(A)(4), we hold a workers' compensation claimant is required to try/endeavor to obtain or request benefits within six (6) months of the filing of the claim to avoid the possibility of the claim being dismissed with prejudice.

¶8 In the present case, it is undisputed that during the six (6) months following the filing of his Form 3, Claimant was participating in good faith in discovery with Employer, including scheduling depositions. Such activity qualifies as "seek[ing] benefits" within the meaning and purpose of §69(A)(4). In view of the reliable, material, probative and substantial competent evidence, we hold the Commission clearly erred in dismissing Claimant's claim. Accordingly, the order of the Commission is reversed and this matter is remanded for further proceedings.

¶9 REVERSED AND REMANDED.

GOREE, J., concurs and DOWNING, J., dissents.

 

 

DOWNING, J., dissenting:

¶1 I respectfully dissent. I appreciate the majority opinion declining to address the constitutional question if it is not necessary to resolve the appeal before this Court. However, I do not find the process of discovery or depositions to satisfy the specific statutory requirements the legislature enumerated in 85A O.S.Supp.2019, § 69