OSCN Found Document:WHITE v. 918 CONSTRUCTION

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 WHITE v. 918 CONSTRUCTION
2023 OK CIV APP 2
524 P.3d 502
Case Number: 120459
Decided: 12/16/2022
Mandate Issued: 01/12/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I

Cite as: 2023 OK CIV APP 2, 524 P.3d 502

 

DAVID WHITE, Petitioner,
v.
918 CONSTRUCTION, LLC, COMPSOURCE MUTUAL INSURANCE COMPANY and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COMMISSION

REVERSED AND REMANDED

James G. Devinney, Ponca City, Oklahoma, and
Bob Burke, Oklahoma, Oklahoma, for Petitioner,

Travis R. Colt, Connor E. Brittingham, LATHAM, STEELE, LEHMAN, KEELE, RATCLIFF, FREIJE & CARTER, P.C., Tulsa, Oklahoma, for Respondents.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Petitioner, David White (Claimant), seeks review of the Workers' Compensation Commission's (Commission) order affirming an Administrative Law Judge's (ALJ) dismissal of Claimant's claim with prejudice. Relying on 85A O.S. Supp. 2019 §69(A)(4), the ALJ found Claimant failed, within six (6) months of filing his claim, to either (a) make a good faith request for a hearing or (b) receive or seek benefits. We hold Claimant timely sought benefits within the meaning of §69(A)(4) (b). As such, we need not address the constitutionality of the statute. The Commission's order is reversed and this matter is remanded for further proceedings.

¶2 Claimant filed a Form 3 on July 6, 2020, alleging he suffered a work-related injury in February 2020, while working 918 Construction, LLC (Employer). In January 2021, Employer moved to dismiss Claimant's claim pursuant to §69(A)(4), arguing Claimant failed to request a hearing, or seek or receive benefits, within six (6) months of the filing of his Form 3. Section 69(A)(4) states:

4. If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not:

a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or

b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,

then on motion by the employer, the claim shall be dismissed with prejudice.

The ALJ dismissed Claimant's claim with prejudice and the Commission affirmed. Both the ALJ and the Commission addressed and rejected Claimant's arguments that §69(A)(4) was unconstitutional. Claimant now appeals to this Court. Oral argument in this matter was held on November 17, 2022.

¶3 "[T]he law in effect at the time of the injury controls both the award of benefits and the appellate standard of review." Brown v. Claims Mgmt. Res. Inc., 2017 OK 13, ¶9. Claimant's alleged date of injury is February 17, 2020, and is controlled by the Administrative Workers' Compensation Act (AWCA), 85A O.S. §1, et seq. Title 85A O.S. Supp. 2019 §78(C) states this Court may modify, reverse, remand for rehearing or set aside the judgment of the Commission only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and
substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

¶4 Although the parties' briefs and oral presentations devoted the majority of their arguments toward the constitutionality of §69(A)(4), we decide this appeal on a simple application of the facts of this case to that statutory provision. As previously set forth, §69(A)(4) states that a claim shall, on an employer's motion, be dismissed with prejudice if a claimant has not, within six (6) months of filing a claim for benefits, either (a) made a good-faith request for a hearing to resolve a dispute or (b) received or sought benefits. This statute contains a clear legislative edict that a workers' compensation claim will not be subjected to dismissal with prejudice if, during the six (6) months following the filing of a claim, the claimant satisfies either subsection (a) or subsection (b) of §69(A)(4). Also clear is that subsection (b) contains two (2) equally effective methods by which a claimant may avoid a dismissal, either by receiving benefits or by seeking benefits during the operative six (6) month time period. In the present case, it is undisputed Claimant did not request a hearing (pursuant to subsection (a)) or receive benefits (pursuant to the first alternative of subsection (b)) within six (6) months after he filed his Form 3. However, we conclude Claimant did "seek benefits," within the meaning of the second alternative of subsection (b), during the critical time frame.

¶5 "The primary goal of statutory construction is to ascertain and to apply the intent of the Legislature that enacted the statute." McIntosh v. Watkins, 2019 OK 6, ¶4, 441 P.3d 1094.

When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. Because the legislature expresses its purpose by words, the plain meaning of a statute is deemed to express legislative authorial intent in the absence of any ambiguous or conflicting language.

Kohler v. Chambers, 2019 OK 2, ¶6, 435 P.3d 109 (citation omitted).

¶6 In McClish v. Woodarts Inc., 2014 OK CIV APP 41, 324 P.3d 409, Division II of this Court addressed a previously applicable workers' compensation rule that required dismissal of any claim where the claimant failed to seek a hearing and final determination within three (3) years from the date of filing or last payment of compensation or wages. The Court held the purpose of the statute was "to prevent a party from 'sle[eping] on his rights' after a claim has been filed and to ensure that only those claimants prevail who, 'in good faith, actively pursue[] resolution' of their claims. Id. at ¶17, quoting Key Energy Servs., Inc. v. Minyard, 2007 OK 99, ¶18, 173 P.3d 1198. Section 69(A)(4) has the same purpose as the statute analyzed in McClish: to prevent a party from sleeping on their rights after a claim has been filed and to ensure that only those claimants prevail who, in good faith, actively pursue resolution of their claims.

¶7 The word "seek" is not defined in the AWCA. Webster's variously defines "seek" as "[t]o try to obtain or reach," "[t]o ask for: REQUEST," and "[t]o try: endeavor." WEBSTER'S II NEW COLLEGE DICTIONARY 1023 (3d ed. 2005). Applying the plain and ordinary meaning to the term "seek benefits" as set forth in §69(A)(4), we hold a workers' compensation claimant is required to try/endeavor to obtain or request benefits within six (6) months of the filing of the claim to avoid the possibility of the claim being dismissed with prejudice.

¶8 In the present case, it is undisputed that during the six (6) months following the filing of his Form 3, Claimant was participating in good faith in discovery with Employer, including scheduling depositions. Such activity qualifies as "seek[ing] benefits" within the meaning and purpose of §69(A)(4). In view of the reliable, material, probative and substantial competent evidence, we hold the Commission clearly erred in dismissing Claimant's claim. Accordingly, the order of the Commission is reversed and this matter is remanded for further proceedings.

¶9 REVERSED AND REMANDED.

GOREE, J., concurs and DOWNING, J., dissents.

 

 

DOWNING, J., dissenting:

¶1 I respectfully dissent. I appreciate the majority opinion declining to address the constitutional question if it is not necessary to resolve the appeal before this Court. However, I do not find the process of discovery or depositions to satisfy the specific statutory requirements the legislature enumerated in 85A O.S.Supp.2019, § 69(A)(4), and therefore I would address the issues raised on appeal of constitutionality. I find the requirements of Section 69(A)(4) do not violate the Oklahoma Constitution. Accordingly, I would affirm the Order of the Commission.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2014 OK CIV APP 41, 324 P.3d 409, 
MCCLISH v. WOODARTS INC.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2007 OK 99, 173 P.3d 1198, 
KEY ENERGY SERVICES, INC. v. MINYARD
Discussed

 
2017 OK 13, 391 P.3d 111, 
BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Cited

 
2019 OK 2, 435 P.3d 109, 
KOHLER v. CHAMBERS
Discussed

 
2019 OK 6, 441 P.3d 1094, 
MCINTOSH v. WATKINS
Discussed

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 1, 
Short Title
Cited

 
85A O.S. 69, 
Time for Filing - Failure to File - Persons under Disability
Discussed

 
85A O.S. 78, 
Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA